PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HANI SALEH RASHID ABDULLAH, *et al.*, ) | |
| ) | |
| *Petitioners*, ) | |
| ) | Civil No. 05-0023 (RWR) |
| v. ) | |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |
| ) | |

### MOTION FOR PRESERVATION ORDER

Petitioners Hani Saleh Rashid Abdullah, Yosra Saleh Rahid Abdullah, and Rami Bin Saad Al-Oteibi, through their undersigned counsel, respectfully move this Court to Order the respondents to preserve and maintain all evidence, documents, and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility, and to preserve and maintain all evidence, documents, and information relating or referring to Petitioners.  A preservation order is critical to the fair adjudication of this case, particularly because Respondents have sought and received stays of the prosecution of these proceedings and because Respondents refuse to provide all relevant evidence and information relating to Petitioners.[1]

Respondents have had a full and fair opportunity to oppose a motion for a nearly identical Order in *Jarallah Al Marri v. Bush*, Civ. No. 04-2035 (GK), and in *Abdul-Salam Gaithan Mureef Al-Shiry v. Bush*, Civ. No. 05-0490 (PLF).  In both of those cases, the District Court issued an

---

[1] Pursuant to LCvR 7(m), the undersigned conferred with Respondents' counsel via e-mail regarding this Motion for Preservation Order and Respondents' counsel indicated that they would not consent.

Order requiring preservation of evidence similar to the order sought here.  *See Jarallah Al Marri v. Bush*, Civ. No. 04-2035 (GK) (March 7, 2005) (Exhibit A); *Abdul-Salam Gaithan Mureef Al-Shiry v. Bush*, Civ. No. 05-0490 (PLF) (March 23, 2005) (Exhibit B).  Under familiar principles of collateral estoppel, this Court should issue a similar order.  *See Parklane Hosier Co. v. Shore*, 439 U.S. 322, 331-33 (1979).

Apart from the previous rulings, a preservation order is needed here.  This Court is empowered to enter such an order when circumstances warrant it.  *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 n.8 (2004); *see also United States v. Philip Morris USA, Inc.*, 327 F. Supp. 2d 21, 23 (D.D.C. 2004) (discussing document preservation order).  The court in *Pueblo of Laguna* set forth a two-part test to determine when such an order should issue.  It required that the party seeking "a preservation order demonstrate that it is [1] necessary and [2] not unduly burdensome."  *Pueblo of Laguna*, 60 Fed. Cl. at 138.[2]

Here, the first prong is easily met.  There is legitimate concern that Respondents will not maintain the very sensitive evidence it now possesses about the torture, mistreatment, and abuse of the detainees now at Guantanamo.  The FBI has produced records pursuant to a Freedom of Information Act lawsuit by the American Civil Liberties Union that document efforts by the military to "cover up" evidence of the physical abuse of detainees.  *See* Urgent Report, dated June 25, 2004 (Exhibit C).  Specifically, FBI email states that unnamed individuals "observed

---

[2] The Petitioners need not meet the burdens associated with a preliminary injunction.  As the Court of Federal Claims explained in *Pueblo of Laguna*, "[a] document preservation order is no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery."  60 Fed. Cl. at 138 n.8.  Although such pretrial and discovery orders take the basic form of an injunction (an order to do or not to do something), the case law shows that, in issuing them, courts need not observe the rigors of the four-factor analysis ordinarily employed in issuing injunctions.  *Jarallah Al-Marri v. Bush*, Civ. No. 04-2035; *see also Pueblo of Laguna*, at 138 n.8 (court's case management power, rather than power to enter injunction, is basis for preservation order); *Casey v. Planned Parenthood* , 14 F.3d 848, 854 (3d Cir. 1994) (distinguishing such pretrial orders from injunctions for appeal purposes).  "In the court's view, such an approach [requiring the movant to met the burden normally required for an injunction] would be decidedly to put the cart before the horse."  *Pueblo of Laguna*, at 138 n.8.

numerous physical abuse incidents . . . . includ[ing] strangulation, beatings, placement of lit cigarettes into the detainees['] ear openings, and unauthorized interrogations." *Id.* at 2. The email further reports that unnamed individuals "were engaged in a cover-up of these abuses." *Id.* The specific "cover-up efforts" were identified in the email, but redacted before it was produced. *Id. The New York Times* also has reported that the military's own investigations into detainee abuse were harmed because "crucial witnesses were not interviewed, documents disappeared, and at least a few pieces of evidence were mishandled."  Tim Golden, "Army Faltered in Investigating Detainee Abuse," *The New York Times*, May 22, 2005, at A1 (Exhibit D) (referencing "confidential documents from the investigation obtained by *The New York Times*").

This very specific report warrants immediate issuance of the order. But there is much more. Last Sunday *The New York Times* reported that two prisoners in military custody had been murdered by their U.S. military jailers. *Id*. This comes on top of numerous reports of torture, prisoner kidnapping (rendition), and ingenious physical and psychological abuse of prisoners in military custody in connection with our "war on terror."

We expect Respondents' lawyers blandly to suggest that no order is needed here because Respondents "are fully aware of their responsibilities not to destroy evidence." Counsel's assurance hardly suffices in light of the foregoing track record. The pattern of lawless tactics visited by the military apparatus against its prisoners belie any such assurances. An order is needed.

The second prong, too, is met. The District Court, in entering a previous order, specifically found that "entering a preservation order [against Respondents] will inflict no harm or prejudice upon them." *Jarallah Al-Marri v. Bush*, Civ. No. 04-2035 (GK).

The loss of evidence regarding Petitioners' detention and possible mistreatment or torture could irreparably harm Petitioners by depriving them of proof that their present imprisonment is unlawful and is thus depriving them of their liberty.  In contrast, it would be no burden at all on the Government to preserve this evidence.  Therefore, the Court should enter an order requiring the Government to preserve all information about the torture, mistreatment, and abuse of the detainees now at Guantanamo, as well as all information regarding the recommendations to continue their imprisonment or release and repatriate them.

Without limiting the breadth of the requested preservation order, petitioners seek preservation of specific categories of documents as set out in Exhibit E, all of which relate to Petitioners' detention.  Petitioners request that the Preservation Order specifically prevent Respondents (or any agent of Respondents) from destroying any of the categories of documents identified in this Exhibit.  These records will be very important in pursuing Petitioners' claims, and the Government should be required to preserve them pending a resolution of this matter.  Until the Court of Appeals clarifies the matter, no one knows exactly what procedure and evidentiary rules will govern the eventual determinations of "enemy combatant" status which the Supreme Court said in *Rasul* must underlie lawful imprisonment.  Whatever these rules are, the statements made by prisoners to their captors and the conditions under which they made them are bound to play a pivotal role.  The respondents have every reason to camouflage the circumstance under which such "admissions," as they deem useful, were made.

WHEREFORE, for the foregoing reasons, the motion should be granted.  A proposed order is attached hereto.

-5-

                Respectfully submitted,

                s/ Stephen M. Truitt

| | |
|---|---|
| Barbara Olshansky (NY #0057) | Stephen M. Truitt (DC # 13235) |
| CENTER FOR CONSTITUTIONAL RIGHTS | Charles H. Carpenter (DC #432004) |
| | PEPPER HAMILTON LLP |
| 666 Broadway, 7th Floor | 600 Fourteenth Street, N.W. |
| New York, New York 10012 | Suite 500, Hamilton Square |
| Tel: (212) 614-6439 | Washington, DC 20005-2004 |
| Fax: (212) 614-6499 | Tel: (202) 220-1200 |
| | Fax: (202) 220-1665 |

*Of Counsel for Petitioners*

Christopher J. Huber (DC # 459524)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750

*Counsel for Petitioners Hani Saleh Rashid Abdullah, Yosra Saleh Rahid Abdullah, and Rami Bin Saad Al-Oteibi*

Dated: May 31, 2005

PHLEGAL: #1743406 v4