UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
JAMIL EL-BANNA et al.,         )
                               )
     Petitioners,              )
                               )
v.                             )     Civil Action No. 04-1144 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
     Respondents.              )
_____)
                               )
HANI SALEH RASHID ABDULLAH     )
  et al.,                      )
                               )
     Petitioners,              )
                               )
v.                             )     Civil Action No. 05-23 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
     Respondents.              )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Petitioners in each of the above-captioned habeas corpus proceedings -- foreign nationals detained at Guantanamo Bay in the custody of the United States, or their next friends -- seek an order directing respondents to "preserve and maintain all evidence, documents, and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility, and to preserve and maintain all evidence, documents and information relating or referring to Petitioners."

-2-

(Mot. for Preservation Order.)[1]  Respondents oppose each motion, arguing that the requested order is superfluous in light of their well-understood preservation obligations, yet also overbroad and burdensome.  (Opp'n at 5, 7.)[2]  Because a preservation order can be appropriate in a habeas corpus proceeding, but is only partially warranted here, petitioners' motions will be granted in part and denied in part.

Respondents argue that because they are well aware of their preservation obligations, to "'supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists.'"  (Opp'n at 5, quoting <u>Hester v. Bayer Corp.</u>, 206 F.R.D. 683, 685 (M.D. Ala. 2001)).[3]  Respondents then conclude that petitioners'

---

[1]   <u>El-Banna</u>, Dkt. 145; <u>Abdullah</u>, Dkt. 30.

[2]   <u>El-Banna</u>, Dkt. 147; <u>Abdullah</u>, Dkt. 32.

[3]   The parties advocate different standards for preservation orders, a dispute that need not be resolved here.  First, the distinction between the standard articulated in <u>Pueblo of Laguna v. United States</u>, 60 Fed. Cl. 133 (2004), urged by petitioners, and the standard four-factor test employed in preliminary injunction decisions, urged by respondents (<u>see</u> Opp'n at 3), may be one without a practical difference.  <u>See</u> <u>also</u>, <u>Hester</u>, 206 F.R.D. at 685.  Second, respondents argue that a preservation order must meet the test of a preliminary injunction (Opp'n at 3), but also concede that the Federal Rules of Civil Procedure impose preservation obligations on civil litigants in every civil action filed, automatically and without court review (Opp'n

-3-

requested order is both "overbroad and potentially burdensome to the extent that it goes beyond what might otherwise be permissible with respect to any discovery that might ever be appropriate in a habeas case."  (Opp'n at 7, citing Harris v. Nelson, 394 U.S. 296, 300 (1969).)

The Supreme Court's opinion in Harris v. Nelson makes clear that the discovery provisions of the Federal Rules of Civil Procedure do not automatically apply in whole to federal habeas corpus proceedings.  See 394 U.S. at 294 n. 5, 298-99. Therefore, the preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court. Accordingly, a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no full disclosure of the facts on the public record to authorize the challenged detention, is not superfluous or unnecessary.

Further, Harris v. Nelson also makes clear that a district court's authority to issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-finding obligations in habeas corpus proceedings is intended to be flexible and should be exercised as the circumstances require for a proper and just disposition.

---

at 5), two positions in tension with each other.

-4-

> [The Supreme Court has] held explicitly that the purpose and function of the All Writs Act to supply the courts with the instruments needed to perform their duty [to issue orders appropriate to assist them in conducting factual inquiries] . . . extend to habeas corpus proceedings.
>
> At any time in the [habeas corpus] proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly "dispose of the matter as law and justice require," either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, as may be "necessary or appropriate in aid of [its jurisdiction] . . . and agreeable to the usages and principles of law."  28 U.S.C. § 1651.
>
> . . . Obviously, in exercising this power, the court may utilize familiar procedures, as appropriate, whether these are found in the civil or criminal rules or elsewhere in the "usages and principles of law."

394 U.S. at 299-300 (footnote omitted).  The opinion in <u>Harris v. Nelson</u> does not support respondents' suggestion that the requested preservation order "goes beyond . . . any discovery that might ever be appropriate in a habeas case."  (Opp'n at 7.)[4]

---

[4] Respondents' statement, that "Petitioners' proposal improperly, and without good cause, would put respondents in the position of having to take action with respect to a wide range of documents without having the opportunity to utilize the process of objection and litigation available in the discovery context to fine tune or challenge discovery requested based on, for example, overbreadth, relevance, or burden" (Opp'n at 7), mistakenly equates preservation obligations with production obligations and erroneously presumes that respondents will have no opportunity to litigate future discovery requests.

To the contrary, "the power of inquiry on federal habeas corpus is plenary" and its exercise depends entirely on the circumstances. <u>Harris v. Nelson</u>, 394 U.S. at 291.

Petitioners' filings challenge the fact and duration of their custody as being in violation of the Constitution or laws or treaties of the United States, matters that are cognizable under the general habeas statute. See <u>Rasul v. Bush</u>, 124 S.Ct. 2686, 2698 (2005) ("§ 2241 confers . . . jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base"); <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 807 (D.C. Cir. 1988) (a prisoner's challenge to the date on which he was eligible to be considered for parole "falls comfortably within the broad reach of habeas corpus"). The petitions also raise other complaints for which habeas relief has not been foreclosed, namely, that certain conditions they face in detention constitute violations of specific provisions of the Constitution, laws or treaties of the United States. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973) ("When a [state] prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") (citation omitted); <u>Johnson v. Avery</u>, 393 U.S. 483 (1969) (removing restraint on the habeas

-6-

corpus petitioner's ability to assist fellow prisoners in writ-writing).  The preservation order requested is tailored to preserve "documents and information in . . . [respondents'] possession" that may be "relevant to litigation or potential litigation or are reasonably calculated to lead to the discovery of admissible evidence."  Wm. T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).  Documents evidencing treatment of detainees -- whether statements of official policy, cumulative evidence of specific practices, or something else -- may be probative of the treatment of petitioners or may lead to other probative evidence.  The requested order imposes no greater obligation on respondents than the federal discovery rules' preservation obligations impose on a litigant in a typical civil lawsuit.  Respondents' contrary view of the requested order (Opp'n at 7) may underscore the need for a preservation order.

However, since the very preservation order sought by petitioners for all materials regarding treatment of all Guantanamo Bay detainees has already been issued against the same respondents in Al-Marri v. Bush, Civ. No. 04-2035 (D.D.C. Mar. 7, 2005) (Order), and Abdah v. Bush, Civ. No. 04-1254 (D.D.C. June 10, 2005) (Order), respondents here are already under a duty to

-7-

preserve those records and another preservation order would be unnecessary.  Accordingly, it is hereby

ORDERED that petitioners' motions, insofar as they seek preservation orders governing evidence, documents, and information regarding the torture, mistreatment and/or abuse of detainees held at the Guantanamo Bay detention facility be, and hereby are, DENIED without prejudice as moot.  It is further

ORDERED that petitioners' motions otherwise be, and hereby are, GRANTED.  Respondents shall preserve and maintain all evidence, documents and information, without limitation, now or ever in respondents' possession, custody or control, regarding the individual detained petitioners in these cases.

SIGNED this 18th day of July, 2005.

/s/
RICHARD W. ROBERTS
United States District Judge