IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HANI SALEH RASHID ABDULLAH, *et al.*, | ) ) ) |
| *Petitioners*, | ) ) |
| v. | ) No. 05-00023 (RWR) ) |
| GEORGE W. BUSH, *et al.*, | ) ) |
| *Respondents*. | ) |

**SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL RESPONDENTS TO REPORT ON
THEIR COMPLIANCE WITH THE COURT'S
PRESERVATION ORDER OF JULY 18, 2005**

Whether stung by Abdullah's description of the Department of Justice's announced course of action, or because he independently reached the same unflattering conclusions, Attorney General Mukasey yesterday announced the opening of a criminal investigation, and the appointment of a special prosecutor. *See* Exhibit A. As measures to punish the conduct so far admitted, these are positive steps.[1] They are still not a substitute for the report Abdullah has requested the Court to order in this case, however.

---

[1] They would be yet more positive if the special prosecutor, John Durham, was not subject to the authority of Judge Mukasey, or his deputy. The Department of Justice, after all, itself remains implicated in the crimes it is investigating. Thus the U. S. Attorney office for the eastern district of Virginia, where the acknowledged perjured affidavits were filed by the Department, has recused itself

(continued...)

The special prosecutor will likely focus, primarily, on whether the destruction of evidence was an intentional obstruction of justice, and the subsidiary question of whether the interrogation techniques depicted on the destroyed tapes – waterboarding, perhaps – are 'torture' within the meaning of the applicable treaties and statutes. He will also be concerned with whether interrogators might have lacked the necessary *mens rea*, given the legal memoranda, some of which have been made public, interpreting (and misinterpreting) those statutes and treaties.

These are not the controlling questions in the matter before the Court. Instead, at the outset, the questions facing this Court are narrow and relatively objective. Were interrogations of Abdullah taped? Were those tapes destroyed? Did either Abu Zubaydah or Al Nashiri make statements concerning Abdullah, or any group he is alleged to have been part of? Did witness X, or any other person, give taped evidence concerning Abdullah, and if so, was that any of that evidence destroyed? If in answer to these questions, it becomes clear that the Court's order was violated, there are two possible species of sanction, only one of which even potentially overlaps with Mr. Durham's investigation. Obviously, the Court should tread with care with respect to sanctioning individual government officials; while

_____

(continued...)

from any role in the investigation.  For this reason, utter independence of the prosecutor is required.  Anything less smacks of wholly inappropriate self-investigation.

the Court's exercise of its contempt powers is different from and not precluded by criminal prosecution, there is enough overlap that deference to Mr. Durham may not be inappropriate. On the question of how the Court should rule within *this case* however – what inferences should be drawn, and what evidentiary sanctions imposed, if any – Mr. Durham's investigation has nothing to offer.

When an ordinary civil case – a fraud claim, for example – overlaps with a criminal case, it is typical that the civil case would be stayed while the criminal case proceeds. There are several reasons why this should not be the case here, even if Mr. Durham's investigation results in indictments. First, the underlying substance of the cases is completely different. Obstruction of justice, indeed the torture of prisoners, while the gravamen of whatever criminal cases might emerge from Mr. Durham's work, are strictly peripheral to Abdullah's habeas case. They are important to that case primarily with respect to evidentiary rulings. Just as the Court need not decide culpability for a homicide to rule that a deceased witness is unavailable for trial, so too it can make appropriate rulings here with respect to destroyed evidence without reference to either the identities or states of mind of those who destroyed it. The Court need only have the facts of what was destroyed. Second, Mr. Durham's investigation, and any resulting prosecution, will take months, possibly years, to complete. As Abdullah has noted, each new day of unjustified imprisonment is a new injury. He has already been

held for five years without charge or trial, and to extend that delay because the government destroyed evidence – even to allow the destroyers to be brought to justice – is simply gross.  Finally, Abdullah remains confident that the Court can find the relevant facts, and make appropriate ruling in Abdullah's case, without undue interference in Mr. Durham's investigation.

Consequently, Abdullah requests that the Court order a factual report concerning compliance with the Order of July 18, 2005.  In addition, if and when Mr. Durham makes a specific request to the Court that it take or refrain from other action, Abdullah requests that he be given notice and an opportunity to respond to that specific request.

-5-

        Respectfully submitted,

| | |
|---|---|
| |   /s/    Charles H. Carpenter |
| Shane Kadidal (DC #454248) | Charles H. Carpenter (DC #432004) |
| CENTER FOR CONSTITUTIONAL RIGHTS | PEPPER HAMILTON LLP |
| 666 Broadway, 7th Floor | 600 Fourteenth Street, N.W., Suite 500 |
| New York, New York 10012 | Washington, DC 20005-2004 |
| Tel: (212) 614-6439 | Tel: (202) 220-1452 |
| Fax: (212) 614-6499 | Fax: (202) 220-1665 |
| | |
| | Stephen M. Truitt (DC # 13235 ) |
| | 600 Fourteenth Street, N.W., Suite 500 |
| *Of Counsel for Petitioner* | Washington, DC 20005-2004 |
| | Tel: (202) 220-1452 |
| | Fax: (202) 220-1665 |
| | |
| | Christopher J. Huber |
| | PEPPER HAMILTON LLP |
| | 3000 Two Logan Square |
| | Eighteenth and Arch Streets |
| | Philadelphia, PA 19103-2799 |
| | Tel: (215) 981-4000 |
| | Fax: (215) 981-4750 |
| | |
| Dated: January 3, 2008 | *Counsel for Petitioner* |