**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
HANI SALEH RASHID ABDULLAH     )
et al.,                        )
                               )
     Petitioners,              )
                               )
     v.                        )    Civil Action No. 05-23 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
     Respondents.              )
_____)
```

**MEMORANDUM ORDER**

Respondents have filed an emergency motion asking that the order dated January 24, 2008 entered in this case ("Order") be vacated or partially stayed.  (See Resps.' Emergency Mot. for Reconsideration or, in the Alternative, for Partial Stay of Order Requiring Further Report ("Emergency Mot.") [Dkt. 85] at 1.) Petitioners oppose the motion.  Because respondents have not shown sufficient cause to vacate or stay the Order to the extent they request, their motion will be denied in part and granted in part, and the time to respond will be extended.

The Order was issued after respondents admitted that certain videotapes of interrogations of detainee Abu Zubaydah had been destroyed, and petitioner Abdullah made a sufficient showing,

-2-

unrebutted by respondents,[1] of a likelihood that some of the destroyed videotapes were evidence subject to an order entered in this case directing respondents to "preserve and maintain all evidence, documents and information, without limitation, now or ever in respondents' possession, custody or control, regarding the individual detained petitioner[] in th[is] case[]."  Mem. Order, July 18, 2005 ("Preservation Order").  The Order directed respondents to file by February 14, 2008, a report providing information responsive to the following three questions: (1) what had they done in the past to ensure compliance with the Preservation Order since the time it was entered in July 2005; (2) what are they now doing to ensure compliance with the Preservation Order; and (3) what is the nature of any evidence potentially subject to the Preservation Order that has been destroyed or otherwise spoliated.  See Order, Jan. 24, 2008.  Respondents' submission in response to the Order provided no information at all that was responsive to the Order's first

---

[1] Petitioner's allegations remain unrebutted.  The court notes, with some concern, that the declaration submitted by John H. Durham avers that the Director of the Central Intelligence Agency, Michael V. Hayden, stated that the destroyed tapes were "not relevant to any . . . judicial inquir[y]."  (Emergency Mot., Ex. A, Durham Decl., ¶ 2(a) (quoting Hayden without providing a cite).)  The reason for including the Director's quoted comment is not obvious.  The comment cannot be taken for its truth in light of the fact that Durham avers that he is investigating in part the very question of whether the destroyed tapes were related to a judicial inquiry, and the fact that neither Hayden's declaration nor anything else in respondents' submission makes this same claim of irrelevance.

-3-

question, and they argue that "backward-looking information would interfere with the Department of Justice's pending criminal investigation." (Emergency Mot. at 1.) They provided some information, through declarations describing, but not appending, preservation directives recently issued from the Director of the CIA and the Associate Deputy General Counsel for the Department of Defense. This information addresses the Order's second question. It is possible, but unclear, whether respondents provided any information responsive to the Order's third question. (See Resps.' Report Filed in Connection with Order of January 24, 2008 & Exhibits [Dkt. 84] ("Resps.' Report").)[2] The respondents acknowledge that their response is neither specific to the petitioner in this case, as the Order directed, nor comprehensive. (See Resps.' Report at 3 n.2; Emergency Mot. at 1.)

Respondents ask that the Order be vacated to the extent that it requires a more complete response than they have filed.

---

[2] The declaration by Rear Admiral Mark H. Buzby, one paragraph of which is under seal, describes some aspects of the nature of one type of evidence that has been destroyed, explains the reasons for the destruction, states whether such evidence continues to be created and whether it continues to be destroyed. (See Resps.' Report, Ex. 3.) However, neither the declaration nor anything else in respondents' report or emergency motion categorically states that this is the sole type of evidence subject to the Preservation Order that has been destroyed. Respondents make no reference to any other type of evidence among the potentially wide array of types of evidence potentially subject to the Preservation Order, and whether any has been destroyed.

-4-

(Emergency Mot. at 1.)  Somewhat confusingly, they also state that they seek a stay only with respect to "those parts of [the] Order that require a report relating to the destruction of various tapes by the CIA."  (Id. at 2.)  Their emergency motion is based primarily on the premise that compiling the "backward-looking information" required by the Order will interfere with the ongoing criminal investigation into the November 2005 destruction of certain videotapes of certain interrogations.  That premise is reflected in a supporting declaration by John H. Durham, Acting United States Attorney for the Eastern District of Virginia, who is in charge of the criminal investigation into the destruction of the videotapes.[3]  Despite respondents' submission, it is not clear that providing substantial responses to each of the Order's three questions, including the first question which is backward-looking, cannot be accomplished without interfering with the ongoing criminal investigation.[4]  Nonetheless, to reduce

---

[3]  Exhibit A to the Durham declaration incorrectly identifies this case as being filed in 2004 and associates a version of this case's civil action number with petitioner El-Banna.  This case was filed in 2005 and does not involve petitioner El-Banna.

[4]  Some information the Order seeks regarding what was done might be produced from a simple review of documents which would not involve determining the motivations or justifications behind what was done.  For example, a review of documents without conducting any interviews or creating issues such as those presented in Kalkines v. United States, 473 F.2d 1391 (Ct. Cl. 1973), could disclose whether or not the Preservation Order, which was served in this case on the CIA Director, was forwarded or otherwise distributed, or whether there was any related

the possibility of interference with the ongoing criminal investigation Dunham is conducting, the respondents will not be required at this time to detail what they did previously to ensure compliance with the Preservation Order.  However, because respondents' response to the Order's third question is incomplete, it is hereby

ORDERED that the respondents' emergency motion [85] be, and hereby is, GRANTED in part and DENIED in part.  It is granted to the extent that respondents are not required at this time to detail what they did to ensure compliance with the Preservation Order between its entry in July 2005 and January 24, 2008.  It is also granted insofar as respondents will be permitted additional time to respond.  It is further

ORDERED that respondents are directed to file by March 17, 2008 a report detailing the nature of any evidence specific to petitioner Abdullah that is potentially subject to the Preservation Order that has been destroyed or otherwise spoliated.

SIGNED this 14th day of February, 2008.

> _____/s/_____
> RICHARD W. ROBERTS
> United States District Judge

---

directive issued.