**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE:** | **Misc. No. 08-0442 (TFH)** |
| **GUANTANAMO BAY DETAINEE LITIGATION** | Civil Action Nos.<br><br>02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, 04-cv-1254, 04-cv-1937, 04-cv-2022, 04-cv-2046, 04-cv-2215, 05-cv-0023, 05-cv-0247, 05-cv-0270, 05-cv-0280, 05-cv-0329, 05-cv-0359, 05-cv-0392, 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569, 05-cv-0634, 05-cv-0748, 05-cv-0763, 05-cv-0764, 05-cv-0877, 05-cv-0883, 05-cv-0889, 05-cv-0892, 05-cv-0993, 05-cv-0994, 05-cv-0998, 05-cv-0999, 05-cv-1048, 05-cv-1189, 05-cv-1124, 05-cv-1220, 05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429, 05-cv-1457, 05-cv-1458, 05-cv-1487, 05-cv-1490, 05-cv-1497, 05-cv-1504, 05-cv-1505, 05-cv-1506, 05-cv-1555, 05-cv-1592, 05-cv-1601, 05-cv-1607, 05-cv-1623, 05-cv-1638, 05-cv-1645, 05-cv-1646, 05-cv-1678, 05-cv-1971, 05-cv-1983, 05-cv-2010, 05-cv-2088, 05-cv-2104, 05-cv-2185, 05-cv-2186, 05-cv-2199, 05-cv-2249, 05-cv-2349, 05-cv-2367, 05-cv-2371, 05-cv-2378, 05-cv-2379, 05-cv-2380, 05-cv-2384, 05-cv-2385, 05-cv-2386, 05-cv-2387, 05-cv-2444, 05-cv-2479, 06-cv-0618, 06-cv-1668, 06-cv-1684, 06-cv-1690, 06-cv-1758, 06-cv-1761, 06-cv-1765, 06-cv-1766, 06-cv-1767, 07-cv-1710, 07-cv-2337, 07-cv-2338, 08-cv-0987, 08-cv-1085, 08-cv-1101, 08-cv-1104, 08-cv-1153, 08-cv-1185, 08-cv-1207, 08-cv-1221, 08-cv-1223, 08-cv-1224, 08-cv-1227, 08-cv-1228, 08-cv-1230, 08-cv-1232, 08-cv-1233, 08-cv-1235, 08-cv-1236, 08-cv-1237, 08-cv-1238, 08-cv-1360, 08-cv-1440, 08-cv-1733, 08-cv-1805 |

## **CASE MANAGEMENT ORDER**

Upon review of the parties' briefs in response to the Court's order of July 11, 2008, and the record herein, and to provide the petitioners in these cases with prompt habeas corpus review, *see Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008), while "proceed[ing] with the caution" necessary in this context, *Hamdi v. Rumsfeld*, 542 U.S. 507, 539 (2004) (plurality), and not "disregard[ing] the dangers the detention in these cases was intended to prevent," *Boumediene*, 128 S. Ct. at 2276, the Court enters the following Case Management Order to

govern proceedings in the above-captioned cases.[1]

### I.

**A.**   **Factual Returns**.[2]  In accordance with the Court's order of July 29, 2008, as amended by the Court's order of September 19, 2008, the government shall file returns and proposed amended returns containing the factual basis upon which it is detaining the petitioner. *Cf. Hamdi*, 542 U.S. at 533 (holding that a "citizen-detainee seeking to challenge his classification as an enemy combatant must receive notice of the factual basis for his classification").

**B.**   **Legal Justification**.  The government shall file a succinct statement explaining its legal justification for detaining the petitioner. If the government's justification for detention is the petitioner's status as an enemy combatant, the government shall provide the definition of enemy combatant on which it relies. In cases in which the government already filed a factual return, the legal justification is due within 7 days of the date of this Order. In all other cases, the government shall include the legal justification with the factual return.

**C.**   **Unclassified Factual Returns**.  Within 14 days of the date of this Order, the government shall file an unclassified version of each factual return it has filed to date. In cases in which the government has yet to file a factual return, the government shall file an unclassified version of the return within 14 days of the date on which the government is to file the factual return.

**D.**   **Exculpatory Evidence**.

   **1**.   The government shall disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner. *See Boumendiene*, 128 S. Ct. at 2270 (holding that habeas court "must have the authority to admit and consider relevant exculpatory evidence that was not introduced during the [CSRT] proceeding"). In cases in which the government already filed a factual return, disclosure of such exculpatory evidence shall occur within 14

---

[1] While the framework detailed in this Order governs proceedings in all cases consolidated before this Court, the judges to whom the cases are assigned for final resolution ("Merits Judges") may alter the framework based on the particular facts and circumstances of their individual cases. Additionally, the Merits Judges will address procedural and substantive issues not covered in this Order.

[2] When used in this Order, the term "factual return" refers to factual returns and proposed amended factual returns filed pursuant to the Court's order of July 29, 2008, as amended by the Court's order of September 19, 2008.

days of the date of this Order. In all other cases, disclosure shall occur within 14 days of the date on which the government files the factual return. By the date on which disclosure is to occur under this paragraph, the government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

**2.** If evidence described in the preceding paragraph becomes known to the government after the date on which the government was to disclose exculpatory evidence in a petitioner's case, the government shall provide the evidence to the petitioner as soon as practicable.

**E.  Discovery**.

**1.** If requested by the petitioner, the government shall disclose to the petitioner: (1) any documents or objects in its possession that are referenced in the factual return; (2) all statements, in whatever form, made or adopted by the petitioner that relate to the information contained in the factual return; and (3) information about the circumstances in which such statements of the petitioner were made or adopted. *Cf. Harris v. Nelson*, 394 U.S. 286, 300 n.7 (1969) ("[D]istrict courts have the power to require discovery when essential to render a habeas corpus proceeding effective."). In cases in which the government already filed a factual return, requested disclosure shall occur within 14 days of the date on which the petitioner requests the disclosure. In all other cases, requested disclosure shall occur within 14 days of the date on which the government files the factual return or within 14 days of the date on which the petitioner requests disclosure, whichever is later.

**2.** The Merits Judge may, for good cause, permit the petitioner to obtain limited discovery beyond that described in the preceding paragraph. *Cf. Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Discovery requests shall be presented by written motion to the Merits Judge and (1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful, *see Harris*, 394 U.S. at 300 ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."); and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government, *cf. Hamdi*, 542 U.S. at 533 (holding that "citizen-detainee

3

        seeking to challenge his classification as an enemy combatant must receive . . . a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker"); *id*. at 534 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict."). The Merits Judge will set the date by which all discovery must be completed.

F.    **Classified Information**. If any information to be disclosed to the petitioner under Sections I.D or I.E of this Order is classified, the government shall provide the petitioner with an adequate substitute and, unless granted an exception, provide the petitioner's counsel with the classified information, provided the petitioner's counsel is cleared to access such information under Section D of the Protective Order entered in the petitioner's case. If the government objects to providing the petitioner's counsel with the classified information on the basis that, in the interest of national security, the information should not be disclosed, the government shall move for an exception to disclosure and provide the information to the Merits Judge in camera for a determination as to whether the information should be disclosed and, if not disclosed, whether the government will be permitted to rely on the information to support detention. *See Boumediene*, 128 S. Ct. at 2276 ("[T]he Government has a legitimate interest in protecting sources and methods of intelligence gathering; and we expect that the District Court will use its discretion to accommodate this interest to the greatest extent possible."); *CIA v. Sims*, 471 U.S. 159, 175 (1985) ("The Government has a compelling interest in protecting . . . the secrecy of information important to our national security . . . ." (citation omitted)).

G.    **Traverse**. In response to the government's factual return, the petitioner shall file a traverse containing the relevant facts and evidence supporting the petition. *See Boumediene*, 128 S. Ct. at 2273 ("If a detainee can present reasonably available evidence demonstrating there is no basis for his continued detention, he must have the opportunity to present this evidence to a habeas corpus court."); *cf. Hamdi*, 542 U.S. at 533 (holding that a "citizen-detainee seeking to challenge his classification as an enemy combatant must receive . . . a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker"). Traverses are due within 14 days of the date on which the government files notice relating to exculpatory evidence under Section I.D.1 of this Order. The Merits Judge may, for good cause, permit the petitioner to amend or supplement a filed traverse.

## II.

A.    **Burden and Standard of Proof**. The government bears the burden of proving by a preponderance of the evidence that the petitioner's detention is lawful. *Boumediene*, 128 S. Ct. at 2271 ("The extent of the showing required of the government in these cases is a matter to be determined.").

    **B.**    **Presumption in Favor of the Government's Evidence**. The Merits Judge may accord a rebuttable presumption of accuracy and authenticity to any evidence the government presents as justification for the petitioner's detention if the government establishes that the presumption is necessary to alleviate an undue burden presented by the particular habeas corpus proceeding. *See Hamdi*, 542 U.S. at 534 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict. . . . [For example,] the Constitution would not be offended by a presumption in favor of the government's evidence, so long as that presumption remained a rebuttable one and a fair opportunity for rebuttal were provided."); *Boumediene*, 128 S. Ct. at 2276 ("Certain accommodations can be made to reduce the burden habeas corpus proceedings will place on the military without impermissibly diluting the protections of the writ."). If the Merits Judge determines that a presumption is warranted, the petitioner will receive notice of the presumption and an opportunity to rebut it.

    **C.**    **Hearsay**. On motion of either the petitioner or the government, the Merits Judge may admit and consider hearsay evidence that is material and relevant to the legality of the petitioner's detention if the movant establishes that the hearsay evidence is reliable and that the provision of nonhearsay evidence would unduly burden the movant or interfere with the government's efforts to protect national security. *See Hamdi*, 542 U.S. at 533-34 (noting that, in enemy-combatant proceedings, "[h]earsay . . . may need to be accepted as the most reliable available evidence"). The proponent of hearsay evidence shall move for admission of the evidence no later than 7 days prior to the date on which the initial briefs for judgment on the record are due under Section III.A.1 of this Order. The party opposing admission shall respond to the motion within 3 days of its filing. If the Merits Judge admits hearsay evidence, the party opposing admission will have the opportunity to challenge the credibility of, and weight to be accorded, such evidence.

### III.

    **A.**    **Judgment on the Record**.

        **1.**    **Initial Briefs**. Within 14 days of the filing of the traverse, or within 14 days of the date of this Order in cases in which the petitioner already filed a traverse, the petitioner and the government shall each file a brief in support of judgment on the record. Each brief shall address both the factual basis and the legal justification for detention, *see Boumediene*, 128 S. Ct. at 2269 ("The habeas court must have sufficient authority to conduct a meaningful review of both the cause for detention and the Executive's power to detain."), and be accompanied by a separate statement of material facts as to which the party contends there is no genuine dispute. The statement of material facts shall cite to the specific portions of the record that support the party's contention that a fact is not in dispute and shall not contain argument. Initial briefs shall not exceed 45 pages, excluding the statement of material facts.

5

   2.   **Response Briefs**.  Within 7 days of the filing of initial briefs, the parties shall file response briefs.  Each response brief shall be accompanied by a factual response statement that either admits or controverts each fact identified in the opposing party's statement of material facts as one to which there is no genuine dispute.  The factual response shall cite to the specific portions of the record that support the party's contention that a fact is disputed.  The Court may treat as conceded any legal argument presented in an initial brief that is not addressed in the response brief and may assume that facts identified in the statement of material facts are admitted unless controverted in the factual response.  Response briefs shall not exceed 35 pages, excluding the factual response.

   3.   **Reply Briefs**.  Reply briefs may be filed only by leave of court.

   4.   **Hearing**.  The Merits Judge may allow oral argument.

**B.   Evidentiary Hearing**.

   1.   **Basis for a Hearing**.  If, after reviewing the parties' briefs for judgment on the record, the Merits Judge determines that substantial issues of material fact preclude final judgment based on the record, the petitioner is entitled to an evidentiary hearing.  *Cf. Stewart v. Overholser*, 186 F.2d 339, 342 (D.C. Cir. 1950) ("When a factual dispute is at the core of a detention challenged by an application for the writ it ordinarily must be resolved by the hearing process.").

   2.   **Prehearing Conference**.  Counsel shall appear for a prehearing conference to discuss and narrow the issues to be resolved at the hearing, discuss evidentiary issues that might arise at the hearing, identify witnesses and documents that they intend to present at the hearing, and discuss the procedures for the hearing.

   3.   **Petitioner's Presence**.  The petitioner will not have access to classified portions of the hearing.  Through available technological means that are appropriate and consistent with protecting classified information and national security, the Merits Judge will attempt to provide the petitioner with access to unclassified portions of the hearing.

**SO ORDERED**.


November 6, 2008                                       /s/
                                              Thomas F. Hogan
                                         United States District Judge

6