UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | Misc. No. 08-442 (TFH) |
| ) | |
| IN RE: ) | Civil Action Nos. |
| GUANTANAMO BAY ) | 02-CV-0828, 04-CV-1194, 04-CV-1254, |
| ) | 04-CV-2022, 04-CV-2046, 04-CV-2215, |
| ) | 05-CV-0023, 05-CV-0247, 05-CV-0270, |
| ) | 05-CV-0280, 05-CV-0329, 05-CV-0359, |
| ) | 05-CV-0392, 05-CV-0492, 05-CV-0520, |
| ) | 05-CV-0526, 05-CV-0634, 05-CV-0748, |
| ) | 05-CV-0763, 05-CV-0764, 05-CV-0877, |
| ) | 05-CV-0889, 05-CV-0892, 05-CV-0993, |
| ) | 05-CV-0994, 05-CV-1189, 05-CV-1220, |
| ) | 05-CV-1244, 05-CV-1429, 05-CV-1457, |
| ) | 05-CV-1487, 05-CV-1490, 05-CV-1504, |
| ) | 05-CV-1555, 05-CV-1592, 05-CV-1607, |
| ) | 05-CV-1623, 05-CV-1638, 05-CV-1645, |
| ) | 05-CV-1646, 05-CV-1678, 05-CV-1971, |
| ) | 05-CV-1983, 05-CV-2088, 05-CV-2185, |
| ) | 05-CV-2186, 05-CV-2199, 05-CV-2249, |
| ) | 05-CV-2367, 05-CV-2378, 05-CV-2379, |
| ) | 05-CV-2380, 05-CV-2384, 05-CV-2385, |
| ) | 06-CV-1668 |
| _____ ) | |

**RESPONDENTS' STATEMENT OF LEGAL JUSTIFICATION FOR DETENTION**

Pursuant to the Court's Order of November 6, 2008, the Respondents submit the

following statement of legal justification for the detention of petitioners in the above-captioned

cases.

The President's power to wage war necessarily includes the power to detain those

determined to be enemy combatants. *See, e.g.*, *Hamdi v. Rumsfeld*, 542 U.S. 507, 522 (2004)

(plurality opinion).  This power exists as a matter of the President's authority under Article II of

the Constitution, and is independently supported by the laws of war and the Authorization for

Use of Military Force ("AUMF").  115 Stat 224 (2001).  Indeed, "[t]he President's ability to

make the decisions necessary to effectively prosecute a Congressionally authorized armed conflict must be interpreted expansively," and "there can be no doubt that the President's power to act at a time of armed conflict is at its strongest when Congress has specifically authorized the President to act." *Khalid v. Bush*, 355 F. Supp. 2d 311, 319-20 (D.D.C. 2005), *rev'd on other grounds*, *Boumediene v. Bush*, 128 S. Ct. 2229 (2008) (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (1952) (Jackson, J., concurring)).

At a minimum, the President's power to detain includes the ability to detain as enemy combatants those individuals who were part of, or supporting, forces engaged in hostilities against the United States or its coalition partners and allies.  This includes individuals who were part of or directly supporting Taliban, al-Qaida, or associated forces, that are engaged in hostilities against the United States, its coalition partners or allies.  *Ex parte Quirin*, 317 U.S. 1, 37-38 (1942).  This also includes any persons who have committed a belligerent act or supported hostilities in aid of enemy forces.  *Id.* at 37.

Thus, individuals "who associate themselves with the military arm of the enemy government"—or enemy organization—"are enemy belligerents," even if "they have not actually committed or attempted to commit any act of depredation or entered the theatre or zone of active military operations."  *Id.* at 37-38.  Those who participate in or support enemy forces away from an active "battlefield" by, among other things, freeing up resources for enemy and associated forces to commit belligerent acts, are no less enemy combatants than those actually on the front lines.

The global terrorist threat existed before the attacks of September 11, 2001, but became fully manifest through that event.  The Executive's detention powers aim to repel and defeat this

threat, which does not stop at the geographic borders of any active battlefield, nor are its participants restricted to defined engagement lines.  Likewise, the detention powers of the Executive are not limited to the boundaries of an active battlefield or solely to those individuals found on the front lines.  The AUMF's authorization "to use all necessary and appropriate force against those nations, organizations, or persons" with which we are in conflict imposes no geographical limitation on the parameters of the President's authority to wage this war against terrorists—a war in which the active "battlefield" already has included New York City, Arlington, Virginia, and rural Pennsylvania.

In any event, as the plurality in *Hamdi* made clear, "[t]he legal category of enemy combatant has not been elaborated upon in great detail," and "[t]he permissible bounds of the category will be defined by the lower courts as subsequent cases are presented to them."  542 U.S. at 522 n.1.  Regardless, though, of the precise scope of the Executive's authority lawfully to detain enemy combatants—either under the AUMF or Constitution—these petitioners fall squarely within it.

Dated: November 18, 2008       Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

*/s/ David H. White*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
DAVID H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel:  202.314.3146
Fax: 202.616.8470

Attorneys for Respondents