**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **IN RE:**<br><br>**GUANTANAMO BAY<br>DETAINEE LITIGATION** | **Misc. No. 08-0442 (TFH)**<br><br>**Civil Action Nos.**<br><br>**02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, 04-cv-1254,**<br>**04-cv-1937, 04-cv-2022, 04-cv-2046, 04-cv-2215, 05-cv-0023,**<br>**05-cv-0247, 05-cv-0270, 05-cv-0280, 05-cv-0329, 05-cv-0359,**<br>**05-cv-0392, 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569,**<br>**05-cv-0634, 05-cv-0748, 05-cv-0763, 05-cv-0764, 05-cv-0877,**<br>**05-cv-0883, 05-cv-0889, 05-cv-0892, 05-cv-0993, 05-cv-0994,**<br>**05-cv-0998, 05-cv-0999, 05-cv-1048, 05-cv-1189, 05-cv-1124,**<br>**05-cv-1220, 05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429,**<br>**05-cv-1457, 05-cv-1458, 05-cv-1487, 05-cv-1490, 05-cv-1497,**<br>**05-cv-1504, 05-cv-1506, 05-cv-1555, 05-cv-1592, 05-cv-1601,**<br>**05-cv-1607, 05-cv-1623, 05-cv-1638, 05-cv-1645, 05-cv-1646,**<br>**05-cv-1678, 05-cv-1971, 05-cv-1983, 05-cv-2010, 05-cv-2088,**<br>**05-cv-2104, 05-cv-2185, 05-cv-2186, 05-cv-2199, 05-cv-2249,**<br>**05-cv-2349, 05-cv-2367, 05-cv-2371, 05-cv-2378, 05-cv-2379,**<br>**05-cv-2380, 05-cv-2384, 05-cv-2385, 05-cv-2386, 05-cv-2387,**<br>**05-cv-2444, 06-cv-0618, 06-cv-1668, 06-cv-1684, 06-cv-1690,**<br>**06-cv-1758, 06-cv-1761, 06-cv-1765, 06-cv-1766, 06-cv-1767,**<br>**07-cv-1710, 07-cv-2337, 07-cv-2338, 08-cv-0987, 08-cv-1101,**<br>**08-cv-1104, 08-cv-1153, 08-cv-1185, 08-cv-1207, 08-cv-1221,**<br>**08-cv-1223, 08-cv-1224, 08-cv-1228, 08-cv-1230, 08-cv-1232,**<br>**08-cv-1233, 08-cv-1235, 08-cv-1236, 08-cv-1237, 08-cv-1238,**<br>**08-cv-1360, 08-cv-1440, 08-cv-1733, 08-cv-1789, 08-cv-1805** |

**ORDER**

Pending before the Court is the government's Motion for Clarification and

Reconsideration of this Court's November 6, 2008 Case Management Order and

Supplemental Amended Orders or, in the Alternative, Motion for Certification for Appeal

Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of

the Motion and any Appeal (docket # 1004, 08-mc-442).  Upon consideration of the

Motion, the petitioners' responses, the government's reply, and the arguments presented

at the hearing on December 10, 2008, the Court **ORDERS** that the Motion is **GRANTED**

**in part** and **DENIED in part**.  Specifically, the Court **ORDERS** that the Case

Management Order entered on November 6, 2008, is **AMENDED** as follows:

1.  Section I.C is amended to state:

    **C.**   **Unclassified Factual Returns**.  By January 9, 2008, the
    government shall file an unclassified version of each factual return it
    has filed to date.  In cases in which the government has yet to file a
    factual return, the government shall file an unclassified version of
    the return within 21 days of the date on which the government files
    the factual return.

2.  Section I.D.1 is amended to state:

    **1**.   The government shall disclose to the petitioner all reasonably
    available evidence in its possession that tends materially to
    undermine the information presented to support the government's
    justification for detaining the petitioner.  *See Boumendiene*, 128 S.
    Ct. at 2270 (holding that habeas court "must have the authority to
    admit and consider relevant exculpatory evidence that was not
    introduced during the [CSRT] proceeding").  In this context, the
    term "reasonably available evidence" means evidence contained in
    any information reviewed by attorneys preparing factual returns for
    all detainees; it is not limited to evidence discovered by the
    attorneys preparing the factual return for the petitioner.  The term
    also includes any other evidence the government discovers while
    litigating habeas corpus petitions filed by detainees at Guantanamo
    Bay.  In cases in which the government already filed a factual
    return, disclosure of such exculpatory evidence shall occur within
    14 days of the date of this Order.  In all other cases, disclosure shall
    occur within 14 days of the date on which the government files the
    factual return.  By the date on which disclosure is to occur under
    this paragraph, the government shall file a notice certifying either
    that it has disclosed the exculpatory evidence or that it does not
    possess any exculpatory evidence.

3.  Section I.E.1 is amended to state:

    **1**.   If requested by the petitioner, the government shall disclose to the
    petitioner (1) any documents and objects in the government's
    possession that the government relies on to justify detention; (2) all
    statements, in whatever form, made or adopted by the petitioner that
    the government relies on to justify detention; and (3) information

about the circumstances in which such statements of the petitioner were made or adopted. *Cf. Harris v. Nelson*, 394 U.S. 286, 300 n.7 (1969) ("[D]istrict courts have the power to require discovery when essential to render a habeas corpus proceeding effective."). Disclosure requests shall be in writing. In cases in which the government already filed a factual return, requested disclosure shall occur within 14 days of the date on which the petitioner requests the disclosure. In all other cases, requested disclosure shall occur within 14 days of the date on which the government files the factual return or within 14 days of the date on which the petitioner requests disclosure, whichever is later.

4.   Section I.F is amended to state:

F.   **Classified Information**.  If any information to be disclosed under Sections I.D or I.E of this Order is classified, the government shall, unless granted an exception by the Merits Judge, provide the petitioner's counsel with the classified information, provided the petitioner's counsel is cleared to access such information. If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception to disclosure.

5.   Section I.G is amended to state:

G.   **Traverse**.  In response to the government's factual return, the petitioner shall file a traverse containing the relevant facts and evidence supporting the petition. *See Boumediene*, 128 S. Ct. at 2273 ("If a detainee can present reasonably available evidence demonstrating there is no basis for his continued detention, he must have the opportunity to present this evidence to a habeas corpus court."); *cf. Hamdi*, 542 U.S. at 533 (holding that a "citizen-detainee seeking to challenge his classification as an enemy combatant must receive . . . a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker"). The traverse is due within 14 days of the date on which the government files notice relating to exculpatory evidence under Section I.D.1 of this Order or within 14 days of the date on which the government files the unclassified factual return, whichever is later. The Merits Judge may, for good cause, permit the petitioner to amend or supplement a filed traverse.

The Court further **ORDERS** that the government's Motion is **DENIED** in all other

respects.

The Court further **ORDERS** that any future motions to amend the Case

Management Order be directed to the Merits Judges.

The Court further **ORDERS** that the stay entered by the Court's November 21,

2008, order (docket # 1026, 08-mc-442) is **LIFTED**.


December 16, 2008                                      /s/
                                            Thomas F. Hogan
                                        United States District Judge