UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE:** <br><br> **GUANTANAMO BAY DETAINEE LITIGATION** | Misc. No. 08-0442 (TFH) <br><br> Civil Action Nos. <br><br> 02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, 04-cv-1254, 04-cv-1937, 04-cv-2022, 04-cv-2046, 04-cv-2215, 05-cv-0023, 05-cv-0247, 05-cv-0270, 05-cv-0280, 05-cv-0329, 05-cv-0359, 05-cv-0392, 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569, 05-cv-0634, 05-cv-0748, 05-cv-0763, 05-cv-0764, 05-cv-0877, 05-cv-0883, 05-cv-0889, 05-cv-0892, 05-cv-0993, 05-cv-0994, 05-cv-0998, 05-cv-0999, 05-cv-1048, 05-cv-1189, 05-cv-1124, 05-cv-1220, 05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429, 05-cv-1457, 05-cv-1487, 05-cv-1490, 05-cv-1497, 05-cv-1504, 05-cv-1506, 05-cv-1555, 05-cv-1592, 05-cv-1601, 05-cv-1607, 05-cv-1623, 05-cv-1638, 05-cv-1645, 05-cv-1646, 05-cv-1678, 05-cv-1971, 05-cv-1983, 05-cv-2010, 05-cv-2088, 05-cv-2104, 05-cv-2185, 05-cv-2186, 05-cv-2199, 05-cv-2249, 05-cv-2349, 05-cv-2367, 05-cv-2371, 05-cv-2378, 05-cv-2379, 05-cv-2380, 05-cv-2384, 05-cv-2385, 05-cv-2386, 05-cv-2387, 05-cv-2444, 06-cv-0618, 06-cv-1668, 06-cv-1684, 06-cv-1690, 06-cv-1758, 06-cv-1761, 06-cv-1765, 06-cv-1766, 06-cv-1767, 07-cv-1710, 07-cv-2337, 07-cv-2338, 08-cv-0987, 08-cv-1101, 08-cv-1104, 08-cv-1153, 08-cv-1185, 08-cv-1207, 08-cv-1221, 08-cv-1223, 08-cv-1224, 08-cv-1228, 08-cv-1230, 08-cv-1232, 08-cv-1233, 08-cv-1235, 08-cv-1236, 08-cv-1237, 08-cv-1238, 08-cv-1360, 08-cv-1440, 08-cv-1733, 08-cv-1789, 08-cv-1805, 08-cv-1828, 08-cv-1923, 08-cv-2019, 08-cv-2083 |

## ORDER

Upon review of the records in the above-captioned cases, the Court has determined that resolution of a number of the habeas corpus petitions may involve similar, if not identical, factual issues and that the merits of such similar petitions may be addressed more efficiently in consolidated proceedings.   Accordingly, the Court

**ORDERS** the parties to confer and, by Monday, January 5, 2009, submit a joint filing that identifies petitions that may, based on the similarity of the factual issues involved, be consolidated for merits proceedings.   The Court further

**ORDERS** the parties to state in the joint filing whether they object to consolidated merits proceedings for the similar petitions.

Additionally, the Court directs counsel in these consolidated cases to Local Civil Rule 7(m), which provides:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Although the number of counsel involved in these matters may render compliance with the commands of Rule 7 difficult, the Court cautions counsel that failure to follow the Court's local rules may result in the Court denying motions and striking filings.

December 17, 2008                                  /s/
                                              Thomas F. Hogan
                                          United States District Judge