IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | Civil Action Nos. |
|  | 04-cv-1194, 04-cv-1254, 05-cv-0023, 05-cv-2386, 05-cv-0280, 05-cv-0520, 05-cv-0748, 05-cv-1555, 05-cv-1638, 05-cv-1971, 05-cv-2185, 05-cv-2223, 05-cv-2386, 07-cv-2337, 08-cv-1923 |

## SUPPLEMENT TO THE JOINT FILING
## PURSUANT TO THIS COURT'S 12/17/08 ORDER

On January 5, 2008, Respondents submitted what was supposed to be a joint filing

regarding the possibility of consolidation in response to the Court's Order of December 17,

2008.  Counsel for Respondents circulated by email a draft of their portion of the joint

filing at 1:30 p.m. on January 5 and requested that Petitioners email their portions of the

filing by 6 p.m.  *See* Email from Paul Cirino, attached hereto as Exhibit A.  To the best of

their ability, given the short time frame and inability to review the relevant classified

information, counsel for Petitioners responded and expected counsel for Respondents to

incorporate the responses into the body of the document.[1]  Instead, counsel for Respondent printed the email responses and attached them as exhibits. Petitioners respectfully make this supplemental submission to provide the Court with their portions of the joint filing in a format which is more easily reviewed than multiple exhibits of email text.

### Petitioners' Submissions For The January 5, 2008 Joint Filing In Response To The Court's December 17, 2008 Order

Petitioners **ISN 26, ISN 027, ISN 029, ISN 031, ISN 032, ISN 035, ISN 036, ISN 037, ISN 038, ISN 039, ISN 040, ISN 041, ISN 043, ISN 044, ISN 063, ISN 091** and **ISN 251** join in the response of Petitioner **ISN 042** below:

Petitioners object to Respondents' proposal to consolidate the habeas petitions of the 19 Guantanamo Bay detainees identified in this action.  Consolidation, at least as proposed by Respondents, would not enhance judicial efficiency in light of the factual differences among these individuals and the different procedural status of each case.

At the outset, it must be noted that Respondents have placed Petitioners at a serious disadvantage in responding to their proposal for consolidation.  Respondents' proposal – essentially a motion in disguise – was only circulated to counsel at 1:30 p.m. on the day of filing.  This proposal to consolidate suggests that these cases should be consolidated on the sole grounds of Petitioners' alleged presence at Tora Bora and their capture fleeing Afghanistan, but also indicates that classified information not shared or discussed with counsel prior to today further supports consolidation.  Moreover, while Respondents are

---

[1] In a parallel filing in other habeas cases brought by Guantanamo detainees, counsel for Respondents did exactly that. *See, e.g.,* Joint Filing submitted in 04-cv-1194, 05-cv-0023, 05-cv-2186, 06-cv-1765, and 08-cv-1238.

vague about the extent of consolidation and how the cases would be structured, they propose for the first time that the cases should be consolidated before Judge Leon or Judge Kennedy. These actions completely undermine the purpose of a joint filing by making it impossible for counsel to reach an informed decision on the merits before the filing was submitted.

This Court's order of December 17, 2008 states that the Court will consider consolidation "based on the similarity of the factual issues involved" if "the merits of such similar petitions may be addressed more efficiently in consolidated proceedings." Respondents proposed this consolidation by email dated December 18, 2008, and the parties conferred by phone on December 22, 2008. Petitioners also submitted requests for additional information before and after the call over email. These requests are attached as exhibits to this submission.

During that call, Respondents failed to set forth in any particular detail the factual or legal bases for their proposal to consolidate these Petitioners. Counsel for Respondents noted that Petitioners were captured in the same place, but also observed that Petitioners shared a number of other commonalities, including having held certain security positions and attended the same training camps. Counsel suggested that other similarities between Petitioners would be obvious if counsel for Petitioners looked at the factual returns.

Because neither Respondents nor Petitioners were fully able to explore the possible areas of consolidation on a non-secure phone line, Petitioners suggested that the Respondents arrange for a meeting in a secure location. Respondents did not agree to such a meeting. Nor did Respondents agree to Petitioners' request to provide a complete set of

factual returns to Petitioners, despite the fact that the tight deadline for preparing a report and the intervening holidays made travel to the Secure Facility to search for and collect the relevant factual returns difficult or impossible.

Under these circumstances, Petitioners oppose consolidation.  The unclassified returns assert a variety of factual bases for the Respondents' detention of these men.  Some of these men allegedly participated in military training, some did not.  Some are alleged to have been affiliated with the Taliban and others with Al Qaeda.  Some are allegedly fighters, some are not.  That these men were captured fleeing Afghanistan and are alleged to have been at Tora Bora (however broadly defined) is simply not enough of a factual overlap to merit consolidating these cases on the merits.  Because these individuals traveled to Afghanistan separately, at different times and from different places, and many allegedly engaged in a variety of activities during their time in Afghanistan, consolidation would not be efficient as it may have been in the Uighur cases before Judge Urbina or the Boumediene case before Judge Leon.  Finally, Respondents' argument that "the parties in these actions overlap" simply because the Respondents are identical is no basis to distinguish these cases from any other Guantanamo habeas case.

Respondents' proposal also glosses over the differences in the procedural status of each case.  Among other things, some Petitioners have received unclassified factual returns while others have not received factual returns at all.  Some have sought additional discovery, others have not.  Counsel for at least one Petitioner have not yet received security clearances and have not been able to meet with their client.  Under these

4

circumstances, delay will almost certainly result for Petitioners whose cases are more advanced.

To the extent Respondents intend to seek consolidation of these cases, the Court should require them to do so by motion in order to allow the issues to be fully briefed and argued.  In the event that this Court is inclined to consider Respondents' consolidation proposal notwithstanding Petitioners' objections, Petitioners must have the opportunity to file a supplemental response after evaluating the full basis for Respondents' proposal, including the classified appendix filed this afternoon.

In addition, the following Petitioners respectfully submit the responses below:

**ISN 26:**  Fahd Abdullah Ahmad Ghazy (ISN 026), Petitioner in 05-2223 (RJL), joins in opposing consolidation of these cases.  On December 22, 2008, Respondents informed counsel for Mr. Ghazy by telephone that they did not intend to seek consolidation of his case because Mr. Ghazy's case is pending before Judge Leon (who has not agreed to consolidate his cases before Judge Hogan) and because Mr. Ghazy's habeas hearing was scheduled for January 15.  Respondents also disavowed any desire to have Mr. Ghazy's case consolidated when they filed their December 29, 2008 response to Mr. Ghazy's discovery motion.  Although Mr. Ghazy's case has since been stayed by Judge Leon, Respondents never informed counsel that they had changed their position regarding consolidation of Mr. Ghazy's case. Counsel for Mr. Ghazy learned at 1:35pm today that Respondents now apparently intend to include Mr. Ghazy in the consolidation request.

In addition to the reasons cited by the other petitioners herein, Mr. Ghazy's case is inappropriate for consolidation because his case has been stayed for sixty days by Judge Leon and the Department of Defense has "approved [him] to leave Guantanamo, subject to the process for making appropriate diplomatic arrangements for his departure." Both of these circumstances weigh in favor of not consolidating Mr. Ghazy's case with the group.

Given Respondents' misstatement that Mr. Ghazy would not be included as part of this filing, Respondents' failure to include information concerning the purported fact similarities between detainees whose cases are sought to be consolidated, counsel's inability to get instructions because of the short notice and the fact that, because we were not expecting it to be necessary, Mr. Ghazy's cleared counsel were not in the secure facility today to review classified pleadings in his case or in that of Mr. Al Alwi, Mr. Ghazy unconditionally reserves his rights to amend or supplement this filing.

**ISN 27, 31, 32, 37 and 41:** The five petitioners in Civil Action No. 04-cv-1254, pending before Judge Kennedy, who are identified by the Government (ISN 27, 31, 32, 37 and 41), object to consolidation of their cases with other actions or to assignment of their cases to a new judge. The Government's theory that these petitioners and 15 others were all "in Tora Bora together during hostilities" is disputed, and the claims are otherwise not shown to be "nearly identical." The cases of these five petitioners all have important individual characteristics. Efficiency and speed will not be achieved by an eleventh hour transfer of these cases to a new judge. Rather, petitioners are far more likely to get a prompt hearing if their cases remain with Judge Kennedy. In any event, even if the Court were to transfer the cases to a single judge, then Local Rule 40.5 clearly contemplates (as

the Government acknowledges) that they be assigned to Judge Kennedy, who already has the first-filed case.

**ISN 29:** This response is being filed on behalf of Muhammad Ahmad Abdallah al-Ansi (ISN 29) (08-cv-01923-GK, filed on November 3, 2008).

On December 17, 2008, Judge Hogan ordered the parties to confer whether pending habeas petitions involve similar factual issues for purposes of consolidation so that "the merits of such similar petitions may be addressed more efficiently in consolidated proceedings." Order at 1 (Dec. 17, 2008). The Government identified Petitioner al-Ansi (ISN 29) as part of "Group 1" along with ISNs 26, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45 and 63. Having conferred with the Government, Petitioner al-Ansi (ISN 29) objects to consolidation for three reasons: (1) Petitioner lacks sufficient information to consent to consolidation at this time; (2) The publicly available facts about Mr. al-Ansi do not support consolidation; and (3) The procedural posture of Mr. al-Ansi's case does not support consolidation.

In a conference call with the Government on December 22, 2008, Group 1 was defined in extremely broad terms. The only information that the Government offered as factual support for consolidation was as follows:

The members of Group 1 were captured together at the same time.

The members of Group 1 were in "security positions" with "the organization."

The members of Group 1 trained in the same place.

The members of Group 1 "traveled to Afghanistan in the same way."

7

Counsel for Petitioner pressed the Government for additional specific facts supporting its rationale for consolidation but to date the Government has not provided any further information to Petitioner al-Ansi. In this Joint Filing, the Government now alleges (for the first time to this Petitioner), that the common factual allegations to the Group 1 petitioners are that they were present in Tora Bora and captured fleeing Tora Bora.

At the time of the teleconference with the Government, no factual return had been filed in Petitioner al-Ansi's case. On the evening of December 30, 2008, the Government did file a factual return for Petitioner al-Ansi (leaving only two business days prior to the date to file this response), and the undersigned has not yet been granted access to that classified return. Nor does counsel have access at this time to the classified Appendix filed with this pleading. Thus, counsel for Petitioner know very little about the facts underlying Petitioner al-Ansi's detention (only the publicly available documents), much less the facts about the other petitioners in Group 1. Given the undersigned's complete lack of information about any specific facts supporting consolidation, Petitioner al-Ansi has no basis upon which to consent to consolidation.

However, based on the publicly available information, none of the alleged factual similarities apply to Petitioner al-Ansi, who has denied all of the allegations forming the Government's bases for consolidation. Specifically, Petitioner al-Ansi denied being present in Tora Bora and denied being captured in Tora Bora. *See* Unclassified Record of the Administrative Review Board (October 29, 2005) at 9. Rather, he testified that he was arrested in Peshawar, Pakistan, after he voluntarily went to Pakistani authorities to seek assistance in contacting the Yemeni Embassy. *Id.* at 9-13. Mr. al-Ansi also denies that he

8

traveled to Afghanistan, trained in Afghanistan, or that he was a "bodyguard" for Bin Laden. *Id.*

Finally, Petitioner does not agree that consolidation of Mr. al-Ansi' petition with the pending cases in Group 1 will create any efficiency in the addressing of merits petitions. Given the disparate procedural posture of Petitioner al-Ansi's case, which was just filed in November, 2008, consolidation of this case with other pending cases will cause delay while counsel for Petitioner catch up with investigation, discovery, and briefing that the other pending cases have already completed.  Indeed, the background checks for access to classified information for several of the attorneys representing Mr. al-Ansi are still pending, and counsel has not traveled to Guantánamo to obtain client authorization.  Where, as here, "the procedural posture and the allegations in each case are different, [] consolidation is not appropriate." *Blasko v. Washington Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007); *see also Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002)(where cases are "in very different stages of litigation, [] judicial efficiency would not be served by their consolidation."); *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542 (D.N.J. 2008)(declining to consolidate despite "some factual overlap … due to disparities in their procedural postures …."); *Reynolds v. N.E. Finch Co.*, No. 06-1121, 2006 WL 2938667, at * 2 (C.D. Ill., Oct. 12, 2006)(consolidation will not "accomplish economies of scale, in light of different procedural postures of the cases" and because consolidation would delay the earlier filed cases); *Entergy Nuclear Indian Point 2, L.L.C. v. United States*, 62 Fed. Cl. 798, 803 (2004) (concluding that "[t]he strongest factor weighing against consolidation at this juncture is the divergent procedural posture of the cases").

9

Accordingly, Petitioner al-Ansi objects to consolidation of his habeas petition with any of the pending cases and requests that his matter remain separately pending before Judge Kessler.

The undersigned certifies that she conferred in good faith with the Government regarding the possibility of consolidation both by telephone conference on December 22, 2008, and by email correspondence in compliance with Local Rule 7(m).

**ISN 30:** Counsel for Nadir Omar Abdullah bin Sa'adoun Alsa'ary has not had an opportunity to view Appendix A, the classified information the government contends shows that consolidation would be appropriate. That information was, we understand, deposited at the secure facility the afternoon of January 5th; none of us was in the Washington area that day. Accordingly, we cannot take a position on consolidation.

Should consolidation occur, though, the consolidated cases should all be heard by a judge selected randomly. Judge Leon's acquaintance with the fighting in the Tora Bora Mountains is nothing that another judge could not quickly acquire. The government's suggestion that the cases be consolidated in front of Judge Leon appears to be motivated by a belief that he would find its evidence and arguments more persuasive than would other judges of this court.

**ISN 33:** Opposes consolidation.

**ISN 34:** Does not oppose consolidation.

**ISN 35:** Counsel for Mr. Idris (ISN 35) do not consent to the government's request to consolidate Mr. Idris' action with those of the other proposed petitioners.

10

Counsel were appointed to represent Mr. Idris on November 14, 2008.  At that time, counsel's security clearance applications (submitted in conjunction with counsel's representation of other Guantanamo prisoners) were still pending.  In mid-December 2008, counsel received their security clearance.  Counsel then promptly scheduled a trip to Guantanamo Bay, which is now set for the first week of February 2009.  Counsel also traveled to Washington, D.C. to review the contents of the classified return in Mr. Idris's case.  Thus, counsel have only learned of the basis for Mr. Idris's detention in the past few weeks.  In addition, counsel have not had the opportunity to meet Mr. Idris.  To counsel's knowledge, Mr. Idris has never been afforded the opportunity to meet with any lawyer.  For that reason alone, counsel are not in a position to consent to any consolidation of Mr. Idris's case.

Counsel's recent appointment and inability to yet meet with Mr. Idris are also reasons to deny the requested consolidation.  Presumably counsel for some or many of the other petitioners in the proposed group have met with their clients on multiple occasions, conducted some investigation into the case, and reviewed exculpatory information, among other things.  Petitioners and counsel who have had time to prepare for a merits hearing may wish to proceed to such a hearing very soon to try to end the petitioners' seven-year imprisonment.

While counsel for Mr. Idris will also work to obtain Mr. Idris' release as quickly as possible, it is highly unlikely that counsel will be able to proceed with a merits hearing on a schedule similar to that of petitioners who have been represented for years.  Counsel must, among other things, meet with Mr. Idris, investigate the facts surrounding his capture and

detention, fully research all factual and legal defenses, locate and interview witnesses, consult with any necessary experts, and fully prepare for a merits hearing.

Consolidating Mr. Idris' case with other petitioners, who will likely be prepared to proceed much more quickly, would either: (1) delay a prompt hearing for those petitioners who are prepared to go forward, or (2) prematurely force Mr. Idris into a merits hearing when he and his counsel have not had the time or opportunity to meaningfully investigate and prepare for a hearing.

Counsel's recent appointment and inability to meet with Mr. Idris before February 2009 also means counsel cannot, at this time, identify for the court the particular facts and circumstances of his case that might either warrant consolidation or mitigate against consolidation. Mr. Idris has not yet had the opportunity to share with counsel where he was, when, with whom, and for what purpose, or when and how he was captured. Those facts might well provide additional reasons why Mr. Idris' case is not appropriate for consolidation with the government's proposed group. Thus, the circumstances of counsel's recent appointment make it impossible for Mr. Idris to receive a fair hearing on the question of consolidation. For that reason alone, consolidation should be denied.

Counsel would also object to any consolidation at this point given the procedural ambiguity as to what consolidation would entail. Consistent with the precedent and interim orders to date, Mr. Idris has, at the very least, the right to: (1) cross-examine all witnesses used against him; (2) challenge the reliability or authenticity of statements allegedly made by him or by others; (3) challenge evidence obtained through coercive interrogation techniques or through torture; and (4) receive an individualized determination of the

particular facts supposedly justifying his imprisonment.  To the extent that consolidation may lead to the loss or marginalization of any of these or other important rights, counsel would oppose any consolidation of Mr. Idris's case with other petitioners' cases or proceedings.

**ISN 36 and ISN 40:**  Counsel for Petitioner filed a supplemental classified response.

**ISN 45:**  Petitioners object to Respondents' proposal to consolidate the habeas petitions of the 19 Guantanamo Bay detainees identified in this action.  Consolidation, at least as proposed by Respondents, would not enhance judicial efficiency in light of the factual differences among these individuals and the different procedural status of each case.

At the outset, it must be noted that Respondents have placed Petitioners at a serious disadvantage in responding to their proposal for consolidation.  Respondents' proposal – essentially a motion in disguise – was only circulated to counsel at 1:30 p.m. on the day of filing.  This proposal to consolidate suggests that these cases should be consolidated on the sole grounds of Petitioners' alleged presence at Tora Bora and their capture fleeing Afghanistan, but also indicates that classified information not shared or discussed with counsel prior to today further supports consolidation.  Moreover, while Respondents are vague about the extent of consolidation and how the cases would be structured, they propose for the first time that the cases should be consolidated before Judge Leon or Judge Kennedy.  These actions completely undermine the purpose of a joint filing by making it impossible for counsel to reach an informed decision on the merits before the filing was submitted.

13

This Court's order of December 17, 2008 states that the Court will consider consolidation "based on the similarity of the factual issues involved" if "the merits of such similar petitions may be addressed more efficiently in consolidated proceedings." Respondents proposed this consolidation by email dated December 18, 2008, and the parties conferred by phone on December 22, 2008. Petitioners also submitted requests for additional information before and after the call over email. These requests are attached as Exhibit B to this submission.

During that call, Respondents failed to set forth in any particular detail the factual or legal bases for their proposal to consolidate these Petitioners. Counsel for Respondents noted that Petitioners were captured in the same place, but also observed that Petitioners shared a number of other commonalities, including having held certain security positions and attended the same training camps. Counsel suggested that other similarities between Petitioners would be obvious if counsel for Petitioners looked at the factual returns.

Because neither Respondents nor Petitioners were fully able to explore the possible areas of consolidation on a non-secure phone line, Petitioners suggested that the Respondents arrange for a meeting in a secure location. Respondents did not agree to such a meeting. Nor did Respondents agree to Petitioners' request to provide a complete set of factual returns to Petitioners, despite the fact that the tight deadline for preparing a report and the intervening holidays made travel to the Secure Facility to search for and collect the relevant factual returns difficult or impossible.

Under these circumstances, Petitioners oppose consolidation. The unclassified returns assert a variety of factual bases for the Respondents' detention of these men. Some

14

of these men allegedly participated in military training, some did not. Some are alleged to have been affiliated with the Taliban and others with Al Qaeda. Some are allegedly fighters, some are not. That these men were captured fleeing Afghanistan and are alleged to have been at Tora Bora (however broadly defined) is simply not enough of a factual overlap to merit consolidating these cases on the merits. Because these individuals traveled to Afghanistan separately, at different times and from different places, and many allegedly engaged in a variety of activities during their time in Afghanistan, consolidation would not be efficient as it may have been in the Uighur cases before Judge Urbina or the Boumediene case before Judge Leon. Finally, Respondents' argument that "the parties in these actions overlap" simply because the Respondents are identical is no basis to distinguish these cases from any other Guantanamo habeas case.

Respondents' proposal also glosses over the differences in the procedural status of each case. Among other things, some Petitioners have received unclassified factual returns while others have not received factual returns at all. Some have sought additional discovery, others have not. Counsel for at least one Petitioner have not yet received security clearances and have not been able to meet with their client. Under these circumstances, delay will almost certainly result for Petitioners whose cases are more advanced.

To the extent Respondents intend to seek consolidation of these cases, the Court should require them to do so by motion in order to allow the issues to be fully briefed and argued. In the event that this Court is inclined to consider Respondents' consolidation proposal notwithstanding Petitioners' objections, Petitioners must have the opportunity to

file a supplemental response after evaluating the full basis for Respondents' proposal, including the classified appendix filed this afternoon.

**ISN 63:** Mohammed Al Qahtani, ISN 63, Petitioner in Civil Action No. 05-cv-1971, pending before Judge Collyer, objects to consolidation of his case with the other actions identified by the government herein for the reasons set forth in the statement on behalf of Abdul Rahman Shalabi, ISN 42.

Additionally, lead counsel for Petitioner Al Qahtani, Gitanjali S. Gutierrez, is currently in Guantanamo and is meeting with Petitioner this week to discuss, *inter alia*, the specific issue of consolidation with her client. Ms. Gutierrez returns to the United States this weekend and can first travel to the Secure Facility next Tuesday, January 13, 2009. As noted by Petitioner Shalabi, the proper form for the government's request for consolidation is a formal motion for consolidation, with opportunity for briefing within a reasonable time frame from all parties. However, should the Court decide to entertain Respondents' request in its current form, at minimum Petitioner Al Qahtani requests that the Court allow his counsel the opportunity to review Respondents' classified appendix in support of their request for consolidation by allowing for the submission of a supplemental response (which could incorporate this week's otherwise presumptively-classified discussions with Petitioner) no sooner than January 13th.

Dated: January 8, 2009                    Respectfully submitted,

                                          *Counsel for Petitioner Fahd Ghazy (ISN 026):*


                                          _____ /s/ Julia C. Symon _____
                                          Julia C. Symon (DC Bar No. 456828)
                                          CLIFFORD CHANCE US LLP

2001 K Street NW
Washington, DC 20006
Tel: (202) 912-5000
Fax: (202) 912-6000

James M. Hosking
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 878-8000
Fax: (212) 878-8375

*Counsel for Petitioner Nadir Omar Abdullah
Bin Sa'Adoun Alsa'ary (ISN 030)*

_____/s/_ Clive A. Stafford Smith_____
Clive A. Stafford Smith (LA Bar No. 14444)
Zachary Katznelson (CA Bar No. 209489)
Cori Crider (Member New York Bar)
Reprieve
PO Box 52742
London EC4P 4WS
United Kingdom
Tel:  011 44 207 353 4640
Fax :  011 44 207 353 4641
clivess@mac.com
zachary@reprieve.org.uk
cori@reprieve.org.uk

_____/s/_ David S. Marshall_____
David S. Marshall (WA Bar #11716)
1001 Fourth Avenue, 44th Floor
Seattle, WA  98154-1192
Tel:  (206) 826-1400
Fax:  (206) 389-1708
dmarshall@DavidSMarshall.com

17

*Counsel for Petitioners Aboassy (ISN 043),*
*Mukbel (ISN 091) and Bin Salman (ISN 251):*

_____/s/ Joseph E. O'Neil_____
Joseph E. O'Neil
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West, Suite 500
Philadelphia, Pennsylvania 19106
Tel: (215) 351-7901


*Counsel for Petitioner Shalabi (ISN 042):*

_____/s/   Martin Flumenbaum_____
Martin Flumenbaum (Bar No. 393210)
Julia Tarver Mason
mflumenbaum@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990


*Counsel for Petitioner Al Qahtani (ISN 63):*

_____/s/ Gitanjali S. Gutierrez_____
Gitanjali S. Gutierrez (Pursuant to LCvR
83.2(g))
J. Wells Dixon (Pursuant to LCvR 83.2(g))
Pardiss Kebriaei (Pursuant to LCvR 83.2(g))
Shayana Kadidal (D.C. Bar No. 454248)
CENTER     FOR     CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6485
ggutierrez@ccrjustice.org

*Counsel for Petitioners Uthman (ISN 027), Mujahid (ISN 031), Ahmed (ISN 032), Wahab (ISN 037) and Ahmad (ISN 041):*

   /s/  S. William Livingston
S. William Livingston
D.C. Bar. No. 59005
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000 (phone)
(202) 778-6000 (fax)
wlivingston@cov.com
apemberton@cov.com


David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508 (phone)
remesdh@gmail.com

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (phone)
(815) 753-9301 (fax)
mdf19@columbia.edu

*Counsel for Petitioner al-Ansi (ISN 029):*

   /s/  Lisa R. Strauss
Emmet J. Bondurant
Georgia Bar No. 066900
Michael B. Terry
Georgia Bar No. 702582
Ronan P. Doherty
D.C. Bar No. 462419
Georgia Bar No. 224885
Lisa R. Strauss
Georgia Bar No. 686943

BONDURANT, MIXSON & ELMORE, LLP

3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111
E-mail:  strauss@bmelaw.com

*Counsel for Petitioner Idris Ahmed Abdu*
*Qader Idris, a.k.a. Edress LNU:*

*/s/ Darin Thompson*
DARIN THOMPSON (LCvR 83.2(e))
       Assistant Federal Public Defender
Office of the Federal Public Defender,
       Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
Email: darin_thompson@fd.org

*/s/ Andy Hart*
ANDY HART (LCvR 83.2(e))
Assistant Federal Public Defender
Office of the Federal Public Defender,
       Northern District of Ohio
617 Adams Street
Toledo, Ohio 43604

20

(419) 259-7370 Fax: (419) 259-7375
andy_hart@fd.org

*/s/ Jonathan Witmer-Rich*
JONATHAN WITMER-RICH (LCvR 83.2(e))
Attorney at Law
Office of the Federal Public Defender,
        Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
jonathan_witmer-rich@fd.org

*Counsel for Petitioner Abu Ghanem (ISN 044):*

 /s/Brent N. Rushforth
Attorney at Law
Day Pitney LLP
1100 New York Ave., NW, Suite 300
Washington, DC  20005
Tel: 202-218-3917
Fax: 202-218-3910
brushforth@daypitney.com


*Counsel for Petitioners Idris (ISN 036) and al-Mudafari (ISN 040):*

 /s/ Jennifer. R. Cowan
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10025
Tel: 212-909-7445
Fax: 212-521-7445
jrcowan@debevoise.com

# EXHIBIT A

**Cowan, Jennifer R.**

| | |
|---|---|
| **From:** | Cirino, Paul (CIV) [Paul.Cirino2@usdoj.gov] |
| **Sent:** | Monday, January 05, 2009 1:34 PM |
| **To:** | remesdh@gmail.com; apemberton@cov.com; strauss@bmelaw.com; doherty@bmelaw.com; terry@bmelaw.com; zachary@reprieve.org.uk; angela.c.vigil@bakernet.com; gclarke@milchev.com; kadidal@ccr-ny.org; vicki_werneke@fd.org; carlos_warner@fd.org; timothy_ivey@fd.org; darin_thompson@fd.org; andy_hart@fd.org; amy_cleary@fd.org; Connor, Anupama; Karp, David S.; Cowan, Jennifer R.; Missing, John B.; brushforth@daypitney.com; Kitadelmanpierson@gmail.com; pscarborough@cov.com; jmason@paulweiss.com; jbarbera@paulweiss.com; jramsey@paulweiss.com; mflumenbaum@paulweiss.com; mjones@paulweiss.com; sjackel@paulweiss.com; joneil@lavin-law.com; dkillmer@killmerlane.com; mnewman@killmerlane.com; Chintan.Panchal@allenovery.com; Lisa R. Strauss; ggutierrez@ccr-ny.org; julia.symon@cliffordchance.com; James.Hosking@CliffordChance.com; Jonathan Witmer-Rich; David.Esseks@NewYork.AllenOvery.com; sarah.havens@newyork.allenovery.com; Julie.Withers@NewYork.AllenOvery.com; Pamela.Chepiga@NewYork.AllenOvery.com; doherty@bmelaw.com; Michael B. Terry; Foster, Brian; wlivingston@cov.com |
| **Cc:** | Henry, Terry (CIV); Warden, Andrew (CIV); Ahern, Paul (CIV); Barish, Daniel (CIV); Dean, Paul (CIV); Mason, Kathryn (CIV) |
| **Subject:** | Consolidation/Coordination of Cases |
| **Attachments:** | GTMO Revised Joint Filing re Consolidation 1-5-09 ( Tora Bora 30) 002.pdf |

Dear Counsel --

We have attached a draft of the Joint Filing concerning the coordination or consolidation of certain cases before a single judge.  Please advise us as to whether you agree with or oppose such consolidation.  We intend to file/serve the referenced classified appendix later today with the Court Security Officer.  If you send us a statement on behalf of your client to be included in this filing by 6:00 p.m. today, we will incorporate it into the final version that we file with the Court.

Thanks in advance for your cooperation.

Paul Cirino
U.S. Department of Justice
(202) 305-3267

# EXHIBIT B

## Cowan, Jennifer R.

**From:**      Jana Ramsey [JRamsey@paulweiss.com]

**Sent:**      Wednesday, January 07, 2009 6:58 PM

**To:**        Cowan, Jennifer R.

**Cc:**        Nelson, Solange

**Subject:** Fw: GTMO Conference Call 12/22 re: Case Consolidation

----- Forwarded by Jana Ramsey/PaulWeiss on 01/07/2009 06:59 PM -----

**Jana Ramsey/PaulWeiss**

01/05/2009 06:53 PM

To  Paul.Cirino2@usdoj.gov

cc

Subject  Fw: GTMO Conference Call 12/22 re: Case Consolidation

**Jana Ramsey** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3502 (Direct Phone) | (212) 492-0502 (Direct Fax)
jramsey@paulweiss.com | www.paulweiss.com

----- Forwarded by Jana Ramsey/PaulWeiss on 01/05/2009 06:33 PM -----

**Jana Ramsey/PaulWeiss**

12/22/2008 11:57 AM

To  "Cirino, Paul (CIV)" <Paul.Cirino2@usdoj.gov>

cc  Martin Flumenbaum/PaulWeiss, Julia
Mason/PaulWeiss@PaulWeiss

Subject  Re: GTMO Conference Call 12/22 re: Case Consolidation Link

My firm represents Abdul Rahman Shalabi, ISN 042, in Al Oshan v. Bush, 05 Civ. 520 (RMU).  I will participate in the conference call today, but to make participation on the call meaningful, please provide the basis for the Government's assertion that the petitions listed below involve common issues of fact such that consolidation is warranted.

Thank you,

**Jana Ramsey** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3502 (Direct Phone) | (212) 492-0502 (Direct Fax)
jramsey@paulweiss.com | www.paulweiss.com

"Cirino, Paul (CIV)" <Paul.Cirino2@usdoj.gov>

To  remesdh@gmail.com, apemberton@cov.com, strauss@bmelaw.com,
doherty@bmelaw.com, terry@bmelaw.com, zachary@reprieve.org.uk,

12/18/2008 07:53 PM

angela.c.vigil@bakernet.com, gclarke@milchev.com, "kadidal@ccr-ny.org" <kadidal@ccr-ny.org>, vicki_werneke@fd.org, carlos_warner@fd.org, timothy_ivey@fd.org, darin_thompson@fd.org, andy_hart@fd.org, jonathan_witner-rich@fd.org, amy_cleary@fd.org, aconnor@debevoise.com, dskarp@debevoise.com, jrcowan@debevoise.com, jrnissing@debevoise.com, brushforth@daypitney.com, Kitadelmanpierson@gmail.com, pscarborough@cov.com, Julia Mason/PaulWeiss@PaulWeiss, Jacqueline Barbera/PaulWeiss@PaulWeiss, Jana Ramsey/PaulWeiss@PaulWeiss, Martin Flumenbaum/PaulWeiss@PaulWeiss, Michelle A Jones/PaulWeiss@PAULWEISS, Sarah Jackel/PaulWeiss@PAULWEISS, joneil@lavin-law.com, "Betsy Haws" <betshaws@gmail.com>, dkillmer@killmerlane.com, mnewman@killmerlane.com, Chintan.Panchal@allenovery.com, David.Cox@AllenOvery.com, ggutierrez@ccr-ny.org, julia.symon@cliffordchance.com,

James.Hosking@CliffordChance.com

cc "Henry, Terry (CIV)" <Terry.Henry@usdoj.gov>, "Warden, Andrew (CIV)" <Andrew.Warden@usdoj.gov>, "Ahern, Paul (CIV)" <Paul.Ahern@usdoj.gov>,

"Barish, Daniel (CIV)" <Daniel.Barish@usdoj.gov>

Subject GTMO Conference Call 12/22 re: Case Consolidation

Dear Counsel:

In light of Judge Hogan's December 17, 2008 order requiring the parties to identify pending habeas corpus petitions that may be consolidated for merits proceedings, we propose consolidating the petitions of the following detainees, listed by ISN, in one case:

43 (Civil Action No. 05-748)
45 (04-1194)
42 (05-520)
27, 31, 32, 33, 41 (04-1254)
37 (05-23)
36 (05-1555)
44 (05-1638)
63 (05-1971)
40 (05-2185)
26 (05-2223)
30, 34, 35 (05-2386)
38 (07-2337)
29 (08-1923)

We believe that these petitions involve common issues of fact, and that litigating them together will be most efficient for the court and the parties. Pursuant to Local Rule 7(m), we wish to confer with all counsel for these petitioners. We therefore propose holding a conference call on Monday, December 22, 2008, at 2:00 p.m. Washington time. To participate in the call, please call (866) 507-5535, and enter code 833782. If you are unable to participate, please let me know by Noon Washington time on Monday, and we will make arrangements to confer separately.

Paul Cirino
U.S. Department of Justice
(202) 305-3267

This message is intended only for the use of the Addressee and may
contain information that is privileged and confidential.  If you are not the
intended recipient, you are hereby notified that any dissemination of this
communication is strictly prohibited.  If you have received this communication
in error, please erase all copies of the message and its attachments and
notify us immediately.

## Cowan, Jennifer R.

**From:**    Jana Ramsey [JRamsey@paulweiss.com]
**Sent:**    Wednesday, January 07, 2009 6:58 PM
**To:**    Cowan, Jennifer R.
**Cc:**    Nelson, Solange
**Subject:** Fw: Consolidation -- follow up on access to information

—— Forwarded by Jana Ramsey/PaulWeiss on 01/07/2009 07:00 PM ——

**Jana Ramsey/PaulWeiss**                                    To  Paul.Cirino2@usdoj.gov

                                                            cc
01/05/2009 06:53 PM
                                                            Subject  Fw: Consolidation — follow up on access to information

**Jana Ramsey** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3502 (Direct Phone) | (212) 492-0502 (Direct Fax)
jramsey@paulweiss.com | www.paulweiss.com

—— Forwarded by Jana Ramsey/PaulWeiss on 01/05/2009 06:32 PM ——

**"Karp, David S." <dskarp@debevoise.com>**              To  Jana Ramsey/PaulWeiss@PaulWeiss

                                                            cc
01/05/2009 06:11 PM
                                                            Subject  Fw: Consolidation — follow up on access to information

David S. Karp
Debevoise & Plimpton LLP
555 Thirteenth Street, N.W. | Suite 1100E | Washington, D.C. 20004
+1-202-383-8138 (direct phone) | +1-202-383-9217 (direct fax) | +1-917-325-5350 (worldwide cellular)
dskarp@debevoise.com | www.debevoise.com

Sent from my Blackberry.

* * * * * * * * * * * * * * * * * * * * * * *

PRIVILEGED & CONFIDENTIAL

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain
information that is privileged, confidential and exempt from disclosure.  If you are not the intended recipient, please do not
disseminate, distribute or copy this communication, by e-mail or otherwise.  Instead, please notify us immediately by return
e-mail (including the original message in your reply) and by telephone (you may call us collect in Washington, D.C. at +1-

202-383-8000) and then delete and discard all copies of the e-mail.  Thank you.

----- Original Message -----
From: Karp, David S.
To: 'sarah.havens@newyork.allenovery.com' <sarah.havens@newyork.allenovery.com>; 'Paul.Cirino2@usdoj.gov'
<Paul.Cirino2@usdoj.gov>; 'remesdh@gmail.com' <remesdh@gmail.com>; 'apemberton@cov.com'
<apemberton@cov.com>; 'strauss@bmelaw.com' <strauss@bmelaw.com>; 'doherty@bmelaw.com'
<doherty@bmelaw.com>; 'terry@bmelaw.com' <terry@bmelaw.com>; 'zachary@reprieve.org.uk'
<zachary@reprieve.org.uk>; 'angela.c.vigil@bakernet.com' <angela.c.vigil@bakernet.com>; 'gclarke@milchev.com'
<gclarke@milchev.com>; 'kadidal@ccr-ny.org' <kadidal@ccr-ny.org>; 'vicki_werneke@fd.org' <vicki_werneke@fd.org>;
'carlos_warner@fd.org' <carlos_warner@fd.org>; 'timothy_ivey@fd.org' <timothy_ivey@fd.org>; 'darin_thompson@fd.org'
<darin_thompson@fd.org>; 'andy_hart@fd.org' <andy_hart@fd.org>; 'amy_cleary@fd.org' <amy_cleary@fd.org>; Connor,
Anupama; Cowan, Jennifer R.; Missing, John B.; 'brushforth@daypitney.com' <brushforth@daypitney.com>;
'kitadelmanpierson@gmail.com' <kitadelmanpierson@gmail.com>; 'pscarborough@cov.com' <pscarborough@cov.com>;
'jmason@paulweiss.com' <jmason@paulweiss.com>; 'jbarbera@paulweiss.com' <jbarbera@paulweiss.com>;
'jramsey@paulweiss.com' <jramsey@paulweiss.com>; 'mflumenbaum@paulweiss.com' <mflumenbaum@paulweiss.com>;
'mjones@paulweiss.com' <mjones@paulweiss.com>; 'sjackel@paulweiss.com' <sjackel@paulweiss.com>; 'joneil@lavin-
law.com' <joneil@lavin-law.com>; 'dkillmer@killmerlane.com' <dkillmer@killmerlane.com>; 'mnewman@killmerlane.com'
<mnewman@killmerlane.com>
Cc: 'Terry.Henry@usdoj.gov' <Terry.Henry@usdoj.gov>; 'Andrew.Warden@usdoj.gov' <Andrew.Warden@usdoj.gov>;
'Paul.Ahern@usdoj.gov' <Paul.Ahern@usdoj.gov>
Sent: Wed Dec 31 17:11:41 2008
Subject: Re: Consolidation -- follow up on access to information

Dear Mr. Cirino:

I write solely on behalf of Debevoise's clients, ISNs 036 and 040.

Since the conference call of last Monday, there remain a number of open issues as raised in various emails from detainee
counsel.  As I'm sure you are aware, the Court has ordered a joint status report to be filed on January 5 regarding cases where
consolidation may be an issue.  Given that many offices will be closed on Friday, today is effectively the last business day
before that date.  Accordingly, we ask that you let us know where you stand on the open issues.  Thank you.

Best regards,

David

David S. Karp
Debevoise & Plimpton LLP
555 Thirteenth Street, N.W. | Suite 1100E | Washington, D.C. 20004
+1-202-383-8138 (direct phone) | +1-202-383-9217 (direct fax) | +1-917-325-5350 (worldwide cellular)
dskarp@debevoise.com | www.debevoise.com

Sent from my Blackberry.

* * * * * * * * * * * * * * * * * * * * * * * *

PRIVILEGED & CONFIDENTIAL

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain
information that is privileged, confidential and exempt from disclosure.  If you are not the intended recipient, please do not
disseminate, distribute or copy this communication, by e-mail or otherwise.  Instead, please notify us immediately by return
e-mail (including the original message in your reply) and by telephone (you may call us collect in Washington, D.C. at +1-
202-383-8000) and then delete and discard all copies of the e-mail.  Thank you.

----- Original Message -----
From: Karp, David S.
To: 'sarah.havens@newyork.allenovery.com' <sarah.havens@newyork.allenovery.com>; 'Paul.Cirino2@usdoj.gov'
<Paul.Cirino2@usdoj.gov>; 'remesdh@gmail.com' <remesdh@gmail.com>; 'apemberton@cov.com'
<apemberton@cov.com>; 'strauss@bmelaw.com' <strauss@bmelaw.com>; 'doherty@bmelaw.com'
<doherty@bmelaw.com>; 'terry@bmelaw.com' <terry@bmelaw.com>; 'zachary@reprieve.org.uk'

&lt;zachary@reprieve.org.uk&gt;; 'angela.c.vigil@bakernet.com' &lt;angela.c.vigil@bakernet.com&gt;; 'gclarke@milchev.com'
&lt;gclarke@milchev.com&gt;; 'kadidal@ccr-ny.org' &lt;kadidal@ccr-ny.org&gt;; 'vicki_werneke@fd.org' &lt;vicki_werneke@fd.org&gt;;
'carlos_warner@fd.org' &lt;carlos_warner@fd.org&gt;; 'timothy_ivey@fd.org' &lt;timothy_ivey@fd.org&gt;; 'darin_thompson@fd.org'
&lt;darin_thompson@fd.org&gt;; 'andy_hart@fd.org'; 'andy_hart@fd.org&gt;; 'amy_cleary@fd.org' &lt;amy_cleary@fd.org&gt;; Connor,
Anupama; Cowan, Jennifer R.; Missing, John B.; 'brushforth@daypitney.com' &lt;brushforth@daypitney.com&gt;;
'kitadelmanpierson@gmail.com' &lt;kitadelmanpierson@gmail.com&gt;; 'pscarborough@cov.com' &lt;pscarborough@cov.com&gt;;
'jmason@paulweiss.com' &lt;jmason@paulweiss.com&gt;; 'jbarbera@paulweiss.com' &lt;jbarbera@paulweiss.com&gt;;
'jramsey@paulweiss.com' &lt;jramsey@paulweiss.com&gt;; 'mflumenbaum@paulweiss.com' &lt;mflumenbaum@paulweiss.com&gt;;
'mjones@paulweiss.com' &lt;mjones@paulweiss.com&gt;; 'sjackel@paulweiss.com' &lt;sjackel@paulweiss.com&gt;; 'joneil@lavin-
law.com' &lt;joneil@lavin-law.com&gt;; 'dkillmer@killmerlane.com' &lt;dkillmer@killmerlane.com&gt;; 'mnewman@killmerlane.com'
&lt;mnewman@killmerlane.com&gt;
Cc: 'Terry.Henry@usdoj.gov' &lt;Terry.Henry@usdoj.gov&gt;; 'Andrew.Warden@usdoj.gov' &lt;Andrew.Warden@usdoj.gov&gt;;
'Paul.Ahern@usdoj.gov' &lt;Paul.Ahern@usdoj.gov&gt;
Sent: Tue Dec 23 16:37:39 2008
Subject: Re: Consolidation -- follow up on access to information

Dear Mr. Cirino:

I join in Sarah Havens' comments on behalf of Debevoise's clients, Idris (ISN 036) and al-Mudafari (ISN 040).

Best regards,

David

David S. Karp
Debevoise & Plimpton LLP
555 Thirteenth Street, N.W. | Suite 1100E | Washington, D.C. 20004
+1-202-383-8138 (direct phone) | +1-202-383-9217 (direct fax) | +1-917-325-5350 (worldwide cellular)
dskarp@debevoise.com | www.debevoise.com

Sent from my Blackberry.

* * * * * * * * * * * * * * * * * * * * * * *

PRIVILEGED & CONFIDENTIAL

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain
information that is privileged, confidential and exempt from disclosure.  If you are not the intended recipient, please do not
disseminate, distribute or copy this communication, by e-mail or otherwise.  Instead, please notify us immediately by return
e-mail (including the original message in your reply) and by telephone (you may call us collect in Washington, D.C. at +1-
202-383-8000) and then delete and discard all copies of the e-mail.  Thank you.

----- Original Message -----
From: sarah.havens@newyork.allenovery.com &lt;sarah.havens@newyork.allenovery.com&gt;
To: Paul.Cirino2@usdoj.gov &lt;Paul.Cirino2@usdoj.gov&gt;; remesdh@gmail.com &lt;remesdh@gmail.com&gt;;
apemberton@cov.com &lt;apemberton@cov.com&gt;; strauss@bmelaw.com &lt;strauss@bmelaw.com&gt;; doherty@bmelaw.com
&lt;doherty@bmelaw.com&gt;; terry@bmelaw.com &lt;terry@bmelaw.com&gt;; zachary@reprieve.org.uk
&lt;zachary@reprieve.org.uk&gt;; angela.c.vigil@bakernet.com &lt;angela.c.vigil@bakernet.com&gt;; gclarke@milchev.com
&lt;gclarke@milchev.com&gt;; kadidal@ccr-ny.org &lt;kadidal@ccr-ny.org&gt;; vicki_werneke@fd.org &lt;vicki_werneke@fd.org&gt;;
carlos_warner@fd.org &lt;carlos_warner@fd.org&gt;; timothy_ivey@fd.org &lt;timothy_ivey@fd.org&gt;; darin_thompson@fd.org
&lt;darin_thompson@fd.org&gt;; andy_hart@fd.org &lt;andy_hart@fd.org&gt;; amy_cleary@fd.org &lt;amy_cleary@fd.org&gt;; Connor,
Anupama; Karp, David S.; Cowan, Jennifer R.; Missing, John B.; brushforth@daypitney.com &lt;brushforth@daypitney.com&gt;;
Kitadelmanpierson@gmail.com &lt;Kitadelmanpierson@gmail.com&gt;; pscarborough@cov.com &lt;pscarborough@cov.com&gt;;
jmason@paulweiss.com &lt;jmason@paulweiss.com&gt;; jbarbera@paulweiss.com &lt;jbarbera@paulweiss.com&gt;;
jramsey@paulweiss.com &lt;jramsey@paulweiss.com&gt;; mflumenbaum@paulweiss.com &lt;mflumenbaum@paulweiss.com&gt;;
mjones@paulweiss.com &lt;mjones@paulweiss.com&gt;; sjackel@paulweiss.com &lt;sjackel@paulweiss.com&gt;; joneil@lavin-
law.com &lt;joneil@lavin-law.com&gt;; dkillmer@killmerlane.com &lt;dkillmer@killmerlane.com&gt;; mnewman@killmerlane.com
&lt;mnewman@killmerlane.com&gt;; Chintan.Panchal@HongKong.AllenOvery.com
&lt;Chintan.Panchal@HongKong.AllenOvery.com&gt;; betshaws@gmail.com &lt;betshaws@gmail.com&gt;; ggutierrez@ccr-ny.org
&lt;ggutierrez@ccr-ny.org&gt;; julia.symon@cliffordchance.com &lt;julia.symon@cliffordchance.com&gt;;
James.Hosking@CliffordChance.com &lt;James.Hosking@CliffordChance.com&gt;; doherty@bmelaw.com

<doherty@bmelaw.com>; David.Esseks@NewYork.AllenOvery.com <David.Esseks@NewYork.AllenOvery.com>;
Julie.Withers@NewYork.AllenOvery.com <Julie.Withers@NewYork.AllenOvery.com>;
Pamela.Chepiga@NewYork.AllenOvery.com <Pamela.Chepiga@NewYork.AllenOvery.com>
Cc: Terry.Henry@usdoj.gov <Terry.Henry@usdoj.gov>; Andrew.Warden@usdoj.gov <Andrew.Warden@usdoj.gov>;
Paul.Ahern@usdoj.gov <Paul.Ahern@usdoj.gov>
Sent: Tue Dec 23 16:09:18 2008
Subject: RE: Consolidation -- follow up on access to information

Dear Mr. Cirino,

Thank you for your email. I am writing solely on behalf of my client 045.

As you know, on our call yesterday, we requested additional information about what specific factual issues you believe our clients have in common such that consolidating them would create efficiencies. At a minimum, we asked that you provide us with access to a set of all returns for detainees you seek to consolidate so that we could review them and make an informed decision. What you have proposed in response is inadequate.

First, I see no reason to impose upon the myriad counsel for petitioners the burden of going through the CSO for permission to search through the drawers of other petitioners' counsel at the secure facility in order to find relevant returns, when a complete set of these documents could easily be provided by the DOJ. Providing a complete set of the returns would save Petitioners' counsel a substantial amount of time spent gathering information from numerous sources. Under tight deadlines and over the holidays, this small accommodation by DOJ would be extremely helpful.

Second, you have only proposed giving us access to a very limited set of information. In order to make an informed decision, we would need to see the exhibits to the returns, not just the narratives, which the government maintains are simply "roadmaps." We therefore request that you provide us copies of the complete returns for each petitioner.

Third, I am baffled by your suggestion that counsel agreeing to share portions of their returns is something we need DOJ's permission to do. As you are aware, the current Protective Order provides that habeas counsel have a presumed "need to know" with respect to classified information in the files of other detainees. We have asked that you provide a complete set of returns not because we need DOJ's permission to access those materials, but because it would be vastly more burdensome for us to compile those materials than it would be for DOJ to do so.

Finally, we request that you continue to correspond with all counsel for these petitioners. Given that we have very little information about the rationale behind your consolidation, we have no way of knowing whether all petitioners are or will be in the same position with respect to this issue.

Please let us know if the DOJ is willing to provide a set of the returns at the secure facility.

Thank you,


Sarah Havens


————

From: Cirino, Paul (CIV) [mailto:Paul.Cirino2@usdoj.gov]
Sent: 23 December 2008 13:18
To: remesdh@gmail.com; apemberton@cov.com; strauss@bmelaw.com; doherty@bmelaw.com; terry@bmelaw.com;
zachary@reprieve.org.uk; angela.c.vigil@bakernet.com; gclarke@milchev.com; kadidal@ccr-ny.org;
vicki_werneke@fd.org; carlos_warner@fd.org; timothy_ivey@fd.org; darin_thompson@fd.org; andy_hart@fd.org;
amy_cleary@fd.org; aconnor@debevoise.com; dskarp@debevoise.com; jrcowan@debevoise.com;
jmissing@debevoise.com; brushforth@daypitney.com; Kitadelmanpierson@gmail.com; pscarborough@cov.com;
jmason@paulweiss.com; jbarbera@paulweiss.com; jramsey@paulweiss.com; mflumenbaum@paulweiss.com;
mjones@paulweiss.com; sjackel@paulweiss.com; joneil@lavin-law.com; dkillmer@killmerlane.com;
mnewman@killmerlane.com; Panchal, Chintan:HKLT (HK); betshaws@gmail.com; ggutierrez@ccr-ny.org;
julia.symon@cliffordchance.com; James.Hosking@CliffordChance.com; doherty@bmelaw.com; Esseks, David:LT (NY);
Havens, Sarah:LT (NY); Withers, Julie:LT (NY); Chepiga, Pamela:LT (NY)
Cc: Henry, Terry (CIV); Warden, Andrew (CIV); Ahern, Paul (CIV)
Subject: Consolidation -- follow up on access to information

Dear Counsel,

I write to follow up on the request that certain Petitioners' counsel made during our conference call yesterday concerning access to the factual returns of the Petitioners in the group that we believe should be consolidated before a single judge.

We agree that cleared counsel for Petitioners in the following group may review all of the narratives (not the exhibits) for the Petitioners in the group: ISNs 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45 and 63. Counsel may make these narratives available to other cleared counsel for Petitioners in the group. Counsel shall abide by the obligations of the protective order in all other respects.

I trust that this information will enable each of you to develop your position with respect to our proposal for consolidation.

On a related note, to the extent that Petitioners share the same position, do you think that your group could designate one of your own to represent the entire group? We believe that would make our communications more efficient. Thanks.

Paul

Paul Cirino
USDOJ -- GTMO Habeas Team
(202) 305-3267

The foregoing e-mail may contain US tax advice. If so, please read the following carefully:

Unless otherwise expressly stated in the foregoing message, this advice was not intended or written to be used, and cannot be used, by any person for the purpose of avoiding US federal tax-related penalties that may be imposed with respect to the matters addressed. Some of this advice may have been written to support the promotion or marketing of the transactions or matters addressed to persons other than our client. For such advice, be advised that the advice was written to support the promotion or marketing of the transaction(s) or matter(s) addressed and if you are a person other than our client, you should seek advice based on your particular circumstances from an independent tax advisor. In addition, unless expressly stated to the contrary in the foregoing message, nothing herein shall be construed to impose a limitation on disclosure by any person of the tax treatment or tax structure of any transaction that is addressed herein.

------------------------------------------------------------------------------------------------------

This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You
should not copy it or use it for any purpose nor disclose its contents to any other person.

Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: 212 610 6300
Fax: 212 610 6399
http://www.allenovery.com

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional legal practice with lawyers admitted to practice in a variety of jurisdictions. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen & Overy LLP and of the non-members who are designated as partners is open to inspection at its registered office, One Bishops Square London E1 6AD and at the above address.

For further information about how Allen & Overy LLP is regulated, please see our website at www.allenovery.com/regulatory

1/7/2009

This message is intended only for the use of the Addressee and may
contain information that is privileged and confidential.  If you are not the
intended recipient, you are hereby notified that any dissemination of this
communication is strictly prohibited.  If you have received this communication
in error, please erase all copies of the message and its attachments and
notify us immediately.

## Cowan, Jennifer R.

_____

**From:**    Jana Ramsey [JRamsey@paulweiss.com]

**Sent:**    Wednesday, January 07, 2009 6:59 PM

**To:**    Cowan, Jennifer R.

**Cc:**    Nelson, Solange

**Subject:** Fw: Consolidation – follow up on access to information


—— Forwarded by Jana Ramsey/PaulWeiss on 01/07/2009 07:00 PM ——

**Jana Ramsey/PaulWeiss**

To   Paul.Cirino2@usdoj.gov

01/05/2009 06:52 PM

cc

Subject Fw: Consolidation – follow up on access to information


**Jana Ramsey | Associate**
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3502 (Direct Phone) | (212) 492-0502 (Direct Fax)
jramsey@paulweiss.com | www.paulweiss.com


—— Forwarded by Jana Ramsey/PaulWeiss on 01/05/2009 06:53 PM ——

**sarah.havens@newyork.allenovery.com**

To   Paul.Cirino2@usdoj.gov, remesdh@gmail.com, apemberton@cov.com,
     strauss@bmelaw.com, doherty@bmelaw.com, terry@bmelaw.com,
     zachary@reprieve.org.uk, angela.c.vigil@bakernet.com,
     gclarke@milchev.com, kadidal@ccr-ny.org, vicki_werneke@fd.org,
     carlos_warner@fd.org, timothy_ivey@fd.org, darin_thompson@fd.org,
     andy_hart@fd.org, amy_cleary@fd.org, aconnor@debevoise.com,
     dskarp@debevoise.com, jrcowan@debevoise.com, jmissing@debevoise.com,
     brushforth@daypitney.com, Kitadelmanpierson@gmail.com,
     pscarborough@cov.com, Julia Mason/PaulWeiss@PaulWeiss, Jacqueline
     Barbera/PaulWeiss@PAULWEISS, Jana Ramsey/PaulWeiss@PaulWeiss,
     Martin Flumenbaum/PaulWeiss@PaulWeiss, Michelle A
     Jones/PaulWeiss@PAULWEISS, Sarah Jackel/PaulWeiss@PAULWEISS,
     joneil@lavin-law.com, dkillmer@killmerlane.com, mnewman@killmerlane.com,
     Chintan.Panchal@HongKong.AllenOvery.com, betshaws@gmail.com,
     ggutierrez@ccr-ny.org, julia.symon@cliffordchance.com,
     James.Hosking@CliffordChance.com, doherty@bmelaw.com,
     David.Esseks@NewYork.AllenOvery.com,
     Julie.Withers@NewYork.AllenOvery.com,

     Pamela.Chepiga@NewYork.AllenOvery.com

12/23/2008 04:07 PM

cc   Terry.Henry@usdoj.gov, Andrew.Warden@usdoj.gov, Paul.Ahern@usdoj.gov

Subject RE: Consolidation – follow up on access to information


Dear Mr. Cirino,

Thank you for your email.  I am writing solely on behalf of my client 045.

As you know, on our call yesterday, we requested additional information about what specific factual issues you

believe our clients have in common such that consolidating them would create efficiencies.  At a minimum, we asked that you provide us with access to a set of all returns for detainees you seek to consolidate so that we could review them and make an informed decision.  What you have proposed in response is inadequate.

First, I see no reason to impose upon the myriad counsel for petitioners the burden of going through the CSO for permission to search through the drawers of other petitioners' counsel at the secure facility in order to find relevant returns, when a complete set of these documents could easily be provided by the DOJ.  Providing a complete set of the returns would save Petitioners' counsel a substantial amount of time spent gathering information from numerous sources.  Under tight deadlines and over the holidays, this small accommodation by DOJ would be extremely helpful.

Second, you have only proposed giving us access to a very limited set of information.  In order to make an informed decision, we would need to see the exhibits to the returns, not just the narratives, which the government maintains are simply "roadmaps."  We therefore request that you provide us copies of the complete returns for each petitioner.

Third, I am baffled by your suggestion that counsel agreeing to share portions of their returns is something we need DOJ's permission to do.  As you are aware, the current Protective Order provides that habeas counsel have a presumed "need to know" with respect to classified information in the files of other detainees.  We have asked that you provide a complete set of returns not because we need DOJ's permission to access those materials, but because it would be vastly more burdensome for us to compile those materials than it would be for DOJ to do so.

Finally, we request that you continue to correspond with all counsel for these petitioners.  Given that we have very little information about the rationale behind your consolidation, we have no way of knowing whether all petitioners are or will be in the same position with respect to this issue.

Please let us know if the DOJ is willing to provide a set of the returns at the secure facility.

Thank you,


Sarah Havens

---

**From:** Cirino, Paul (CIV) [mailto:Paul.Cirino2@usdoj.gov]
**Sent:** 23 December 2008 13:18
**To:** remesdh@gmail.com; apemberton@cov.com; strauss@bmelaw.com; doherty@bmelaw.com; terry@bmelaw.com; zachary@reprieve.org.uk; angela.c.vigil@bakernet.com; gclarke@milchev.com; kadidal@ccr-ny.org; vicki_werneke@fd.org; carlos_warner@fd.org; timothy_ivey@fd.org; darin_thompson@fd.org; andy_hart@fd.org; amy_cleary@fd.org; aconnor@debevoise.com; dskarp@debevoise.com; jrcowan@debevoise.com; jmissing@debevoise.com; brushforth@daypitney.com; Kitadelmanpierson@gmail.com; pscarborough@cov.com; jmason@paulweiss.com; jbarbera@paulweiss.com; jramsey@paulweiss.com; mflumenbaum@paulweiss.com; mjones@paulweiss.com; sjackel@paulweiss.com; joneill@lavin-law.com; dkillmer@killmerlane.com; mnewman@killmerlane.com; Panchal, Chintan:HKLT (HK); betshaws@gmail.com; ggutierrez@ccr-ny.org; julia.symon@cliffordchance.com; James.Hosking@CliffordChance.com; doherty@bmelaw.com; Esseks, David:LT (NY); Havens, Sarah:LT (NY); Withers, Julie:LT (NY); Chepiga, Pamela:LT (NY)
**Cc:** Henry, Terry (CIV); Warden, Andrew (CIV); Ahern, Paul (CIV)
**Subject:** Consolidation -- follow up on access to information

## Dear Counsel,

I write to follow up on the request that certain Petitioners' counsel made during our conference call yesterday concerning access to the factual returns of the Petitioners

in the group that we believe should be consolidated before a single judge.

We agree that cleared counsel for Petitioners in the following group may review all of the narratives (not the exhibits) for the Petitioners in the group: ISNs 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45 and 63. Counsel may make these narratives available to other cleared counsel for Petitioners in the group. Counsel shall abide by the obligations of the protective order in all other respects.

I trust that this information will enable each of you to develop your position with respect to our proposal for consolidation.

On a related note, to the extent that Petitioners share the same position, do you think that your group could designate one of your own to represent the entire group? We believe that would make our communications more efficient. Thanks.

Paul

Paul Cirino
USDOJ -- GTMO Habeas Team
(202) 305-3267

The foregoing e-mail may contain US tax advice. If so, please read
the following carefully:

Unless otherwise expressly stated in the foregoing message, this
advice was not intended or written
to be used, and cannot be used, by any person for the purpose of
avoiding US federal tax-related
penalties that may be imposed with respect to the matters addressed.
Some of this advice may have
been written to support the promotion or marketing of the
transactions or matters addressed to
persons other than our client. For such advice, be advised that the
advice was written to support
the promotion or marketing of the transaction(s) or matter(s)
addressed and if you are a person
other than our client, you should seek advice based on your
particular circumstances from an
independent tax advisor. In addition, unless expressly stated to the
contrary in the foregoing
message, nothing herein shall be construed to impose a limitation on
disclosure by any person of
the tax treatment or tax structure of any transaction that is
addressed herein.

This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person.

Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: 212 610 6300
Fax: 212 610 6399
http://www.allenovery.com

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered
number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is
a multi-jurisdictional legal practice with lawyers admitted to practice in a variety of jurisdictions.
The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant
with equivalent standing and qualifications. A list of the members of Allen & Overy LLP and of the non-members
who are designated as partners is open to inspection at its registered office, One Bishops Square London
E1 6AD and at the above address.

For further information about how Allen & Overy LLP is regulated, please see our website at www.allenovery.com/regulatory

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.