UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | ) <br>) <br>) Misc. No. 08-442 (TFH)<br>) <br>) Civil Action Nos.<br>) <br>) 02-CV-0828, 04-CV-1164, 04-CV-1194, 04-CV-1254,<br>) 04-CV-2022, 04-CV-2046, 05-CV-0023, 05-CV-0247,<br>) 05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359,<br>) 05-CV-0392, 05-CV-0492, 05-CV-0520, 05-CV-0526,<br>) 05-CV-0634, 05-CV-0748, 05-CV-0763, 05-CV-0764,<br>) 05-CV-0877, 05-CV-0883, 05-CV-0889, 05-CV-0892,<br>) 05-CV-0993, 05-CV-0998, 05-CV-1124, 05-CV-1189,<br>) 05-CV-1220, 05-CV-1244, 05-CV-1347, 05-CV-1353,<br>) 05-CV-1429, 05-CV-1457, 05-CV-1487, 05-CV-1490,<br>) 05-CV-1497, 05-CV-1504, 05-CV-1506, 05-CV-1555,<br>) 05-CV-1592, 05-CV-1601, 05-CV-1607, 05-CV-1623,<br>) 05-CV-1638, 05-CV-1645, 05-CV-1646, 05-CV-1678,<br>) 05-CV-1971, 05-CV-1983, 05-CV-2104, 05-CV-2185,<br>) 05-CV-2186, 05-CV-2199, 05-CV-2249, 05-CV-2367,<br>) 05-CV-2378, 05-CV-2379, 05-CV-2380, 05-CV-2384,<br>) 05-CV-2385, 05-CV-2386, 05-CV-2387, 05-CV-2479,<br>) 06-CV-1668, 06-CV-1684, 06-CV-1690, 06-CV-1758,<br>) 06-CV-1761, 06-CV-1767, 07-CV-1710, 07-CV-2338,<br>) 08-CV-0987, 08-CV-1101, 08-CV-1104, 08-CV-1153,<br>) 08-CV-1224, 08-CV-1228, 08-CV-1232, 08-CV-1233,<br>) 08-CV-1235, 08-CV-1236, 08-CV-1238, 08-CV-1360,<br>) 08-CV-1440, 08-CV-1789, 08-CV-1805, 08-CV-1828,<br>) 08-CV-1923, 08-CV-2019 |

**REPLY BY RESPONDENTS IN SUPPORT OF MOTION TO CONFIRM
DESIGNATION OF UNCLASSIFIED FACTUAL RETURNS AS "PROTECTED"**

Respondents herewith reply to Petitioners' consolidated opposition to Respondents' motion to confirm unclassified factual returns as "protected" ["Respondents' Motion"] within the meaning of the Protective Order (Dkt # 409, 08-mc-0442) entered September 11, 2008.[1]

This memorandum will reply to the specific points asserted by Petitioners, but Respondents note that Petitioners do not address, and therefore do not contest, the foundation of Respondents' motion: the assembly of a large number of the unclassified returns would constitute a body of information that could be analyzed and possibly utilized by entities hostile to the interests of the United States. *See* Respondents' Motion, at 8-9. Indeed, the sole purpose of Respondents' motion is to prevent such a collection of information; however, in order to minimize any inconvenience to petitioners, Respondents have agreed that each unclassified return may be disclosed to the petitioner to whom it pertains and to his witnesses and others necessary to the preparation of his case who agree to abide by the terms of the Protective Order.

In addition, Petitioners do not contest Respondents' statement that, in these unprecedented cases,

---

[1] Petitioner in 05-CV-1244 has agreed to the designation of his unclassified return as "protected." Accordingly, he did not oppose the motion. Petitioner in 05-CV-763 filed his own opposition to the motion (Dkt # 123, 05-CV-763) notwithstanding this Court's Minute Order of December 30, 2008, directing that Petitioners file a consolidated opposition. This memorandum replies to that opposition. Petitioner in 05-CV-2378 (ISN 654) did not join in the opposition though he has stated, through counsel, that he does not agree with Respondents' grounds for the instant Motion. His unclassified return was filed under seal as requested by Petitioner and as directed by Judge Bates by Order of November 24, 2008 (Dkt # 141, 05-CV-2378). This Reply is being filed in the foregoing cases because of the representations made in this footnote.

Two of the cases in which the instant motion was filed were not included in the Protective Order of September 11, 2008. These two cases, 06-CV-1690 and 08-CV-1360, are now covered by the Protective Order for Habeas Cases Involving Top Secret/Sensitive Compartmented Information, etc., entered January 7, 2009 (Dkt. # 1481, 08-CV-442).

> [T]he Government is allowing access to sensitive information to persons whom it believes, and will be attempting to prove, to be enemies of the United States. Respondents are required to invoke the procedures established by the Protective Order to protect information that is otherwise on the verge of being improperly disclosed to the public, which would include persons who mean to do harm to the United States but have not been detained or incapacitated.

Respondents' Motion, at 6.

In the meantime, Respondents will continue declassification review of the factual returns for use in the litigation and produce such declassified materials to petitioners' counsel on a rolling basis as they become available.

## ARGUMENT

The principal argument advanced by Petitioners is that Respondents should have met and conferred with individual counsel regarding the designation of specific information to be protected in each unclassified return.  This argument suggests that Petitioners do not fully understand the problem which Respondents' motion seeks to address.  If Respondents were in the position immediately to identify and highlight each item of information not properly redacted from each and everyone of approximately 130 unclassified returns produced or to be produced, then that information would have been redacted and the instant motion would not have been necessary.  The very fact that Respondents cannot do that which Petitioners demand as a pre-requisite to filing the motion is the very reason that the motion must be filed.  It is the difficulty and uncertainty of controlling access to sensitive information across the huge amounts of information at issue in these cases that is the essential problem.

The foregoing also supports the proposition that this motion be resolved as a consolidated matter rather than by the several Merits Judges.  The problem being addressed by the motion

arises from the fact that there are so many cases in controversy. The need to protect against the prospect of hostile entities collecting the mass of information being disclosed can properly be dealt with only as a collective rather than an individual concern. The perceived danger underlying Respondents' motion does not disappear or diminish by having the motion decided by several different judges. Nor do the arguments in favor of the relief sought by Respondents change by addressing them to the individual judges. The consolidation of these cases allows for the efficient resolution by one judge of issues uniformly common to all cases. That is the situation here, and resolving the motion on a consolidated basis, as the Court apparently intends given its call for a consolidated opposition from petitioners, is the proper way of proceeding.[2]

The cases cited by Petitioners that were decided before entry of the Protective Order on September 11, 2008, are inapposite.[3] An essential purpose of the Protective Order was to establish a procedure for designation and handling of "Protected" information. Respondents are following that procedure, and properly so. Respondents have produced the information to Petitioners' counsel and have permitted them more liberal use of the information than that contemplated by the Protective Order. At the time of production, Respondents designated the information as "protected" as provided by ¶ 34 of the Protective Order. Approximately two

---

[2] Respondents are mindful of the Court's Minute Order of January 8, 2008: "The Court ORDERS that all filings related to the November 6, 2008, Case Management Order, as amended by the Court's December 16, 2008, order ("Amended Case Management Order"), shall only be filed in the individual civil case(s) to which they apply. For example, filings related to discovery, presumptions, use of hearsay, and extensions of time to comply with the Amended Case Management Order need not be filed in 08-mc-442." As stated in the text, Respondents' believe that this motion is properly before this Court for consolidated resolution.

[3] *E.g.*, *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007), *and Parhat v. Gates*, 532 F.3d 834 (D.C. Cir. 2008).

weeks[4] following production of the first group of unclassified returns on December 11 and 12, 2008, Respondents filed the instant motion seeking confirmation of the designation of the information as "protected."[5]

Finally, Petitioners note, and correctly so, that the United States has placed a large amount of information on the public record. Petitioners are entitled to use that information without limitation. Any implication that the designation of the unclassified returns as "Protected," as requested in Respondents' motion, somehow restricts the use of other, publicly available information is incorrect. *See* Petitioners' Opposition, at 10-11.

## **CONCLUSION**

For the foregoing reasons, Respondents respectfully request that the Court confirm Respondents' designation of the unclassified factual returns that have been and will be served on petitioners' counsel since December 11, 2008, including the narratives and all exhibits and attachments, as "Protected" information as provided by Paragraph 34 of the Protective Order of September 11, 2008. Respondents further request that they not be required to file the "protected" unclassified returns with the Clerk of the Court.

---

[4] Not "several months" later, as stated by the Petitioners' Opposition, p. 11.

[5] Respondents have deviated from the procedures prescribed by the Protective Order in only one respect. The instant motion was filed in several cases in which the unclassified returns had not yet been produced. Paragraph 34 of the Protective Order contemplates that production of the information should precede the motion to confirm the designation as "protected information." Inasmuch as the legal and factual issues would be the same for all cases and consolidated treatment of the issue was appropriate, Respondents concluded that it would be prudent and most efficient to include in the motion all cases in which unclassified returns had been or would soon be produced.

Dated: January 12, 2009        Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


   /s/ *David H. White*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
DAVID H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel:  202.514.3146
Fax: 202.616.8470

Attorneys for Respondents