UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-0442 (TFH)<br><br>Civil Action Nos.<br><br>02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, 04-cv-1254,<br>04-cv-1937, 04-cv-2022, 04-cv-2046, 04-cv-2215, 05-cv-0023,<br>05-cv-0247, 05-cv-0270, 05-cv-0280, 05-cv-0329, 05-cv-0359,<br>05-cv-0392, 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569,<br>05-cv-0634, 05-cv-0748, 05-cv-0763, 05-cv-0764, 05-cv-0877,<br>05-cv-0883, 05-cv-0889, 05-cv-0892, 05-cv-0993, 05-cv-0994,<br>05-cv-0999, 05-cv-1048, 05-cv-1124, 05-cv-1189, 05-cv-1220,<br>05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429, 05-cv-1457,<br>05-cv-1490, 05-cv-1497, 05-cv-1504, 05-cv-1506, 05-cv-1555,<br>05-cv-1592, 05-cv-1601, 05-cv-1607, 05-cv-1623, 05-cv-1638,<br>05-cv-1645, 05-cv-1646, 05-cv-1678, 05-cv-1971, 05-cv-1983,<br>05-cv-2088, 05-cv-2104, 05-cv-2185, 05-cv-2186, 05-cv-2199,<br>05-cv-2249, 05-cv-2349, 05-cv-2367, 05-cv-2371, 05-cv-2378,<br>05-cv-2379, 05-cv-2380, 05-cv-2384, 05-cv-2385, 05-cv-2386,<br>05-cv-2387, 05-cv-2479, 06-cv-1668, 06-cv-1684, 06-cv-1690,<br>06-cv-1761, 06-cv-1765, 06-cv-1766, 06-cv-1767, 07-cv-1710,<br>07-cv-2337, 07-cv-2338, 08-cv-0987, 08-cv-1101, 08-cv-1153,<br>08-cv-1207, 08-cv-1221, 08-cv-1224, 08-cv-1228, 08-cv-1232,<br>08-cv-1233, 08-cv-1235, 08-cv-1236, 08-cv-1237, 08-cv-1238,<br>08-cv-1360, 08-cv-1440, 08-cv-1789, 08-cv-1805, 08-cv-1828,<br>08-cv-1923, 08-cv-2019, 08-cv-2083, 09-cv-0745 |

## ORDER

Pending before the Court is the government's Motion to Amend the September 11, 2008 Protective Order and Counsel Access Procedures and the January 9, 2009 Amended TS/SCI Protective Order and Counsel Access Procedures ("Motion to Amend") (Dkt. No. 1684, 08-mc-0442). For the reasons given in the Memorandum Opinion filed herewith, the Court

**ORDERS** that the motion is **DENIED IN PART** and **GRANTED IN PART**. The government's proposal to amend the Protective Order, the TS/SCI Protective Order, the Counsel Access Procedures, and the TS/SCI Counsel Access Procedures is denied. The government's request to modify the procedures for providing petitioners access to their respective protected

statements is also denied.  To the extent the government's motion seeks to modify the procedures for providing petitioners access to their respective classified statements, it is granted.  The Court further

**ORDERS** the parties to comply with the following procedures if counsel for a petitioner seeks to disclose the petitioner's classified statements to that petitioner.  If a petitioner's counsel seeks to disclose such statements to the petitioner, counsel must identify and list the classified statements he or she seeks to share with the petitioner.  Pursuant to Local Rule of Civil Procedure 7(m), counsel must share the list of statements with the government and attempt to reach agreement on which statements can be declassified and by what date.  If the parties are unable to reach agreement, counsel for a petitioner may file, with the appropriate Merits Judge, a Motion to Disclose Petitioner's Statements to the Petitioner, listing the petitioner's statements that counsel wishes to disclose to the petitioner and explaining why each statement is (i) material to the petitioner's case and (ii) necessary to facilitate meaningful habeas review.  Within two weeks after the filing of such a motion, the government shall file a response, specifically addressing issues (i) and (ii) for each statement.  In its response, the government must also submit an alternative for each statement.  If the government proposes to provide a declassified version of a statement, the government must further indicate by when the declassified version can be provided.

**SO ORDERED**.

July 10, 2009                                                  /s/
                                                   Thomas F. Hogan
                                                   United States District Judge