UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
HANI SALEH RASHID ABDULLAH     )
et al.,                        )
          Petitioners,         )
                               )
          v.                   )   Civil Action No. 05-23 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
          Respondents.         )
_____)
```

**MEMORANDUM ORDER**

Petitioner Hani Abdullah, a detainee at Guantanamo Bay, has moved [195] for an order requiring the respondents to provide him with

> (1) all video and/or sound recordings of any statement made by [Abdullah] upon which the government relies to justify detention; (2) any original notes or transcripts thereof, including any translation from the Arabic; and (3) any other records or reports of those statements, including records or reports made by persons other than the person who prepared the report attached to the factual return.

(See Pet'r's Mot. to Compel ("Pet'r's Mot.") at 5-6.)  The respondents oppose, arguing that the text of the Case Management Order ("CMO"), as amended by Judge Hogan's order of December 16, 2008, does not require the government to disclose the documents requested by Abdullah because the respondents only rely on the translations of Abdullah's statements that have already been provided to him as part of the amended factual return.  The respondents also argue that requiring them to respond to

-2-

Abdullah's request would impose an undue burden on the government.  (See Resp'ts' Opp'n at 4-5, 7.)

Section I.E.1. of the CMO in this case provides, in relevant part:

> If requested by the petitioner, the government shall disclose to the petitioner (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which such statements of the petitioner were made or adopted.

(See Case Management Order, November 6, 2008, Docket Entry # 142; Supplemental Amended Case Management Order, December 16, 2008, Docket Entry # 170.)

The respondents' interpretation of the CMO is faulty.  That reading and their complaints about the administrative burden they would bear by complying with Abdullah's request, have been rejected already on several occasions in decisions rendered in this district.  Zaid v. Bush, 596 F. Supp. 2d 11 (D.D.C. 2009), granted a petitioner's motion to compel the same kinds of items as are sought here.  The respondents argued, as they do here, that they had complied with section I.E.1 of the CMO by providing the petitioner with the statements attached to the amended factual return.  The court disagreed:

> the Court rejects respondents' argument that they have already complied with section I.E.1(2) of the Case Management Order.  The phrase "in whatever form" is plainly meant to expand respondents' obligation, not to

-3-

> cabin it. As written, section I.E.1(2) requires that if respondents rely on one of petitioner's statements to justify detention, then they must produce all forms of that statement. Producing only statements in the particular form that the government has chosen to use is contrary to the plain language of section I.E.1(2) and defies common sense. Therefore, respondents have not complied with the Case Management Order by producing only that which was already appended to the Factual Return.

Id. at 12. The respondents moved for reconsideration, arguing again that the language of the amended CMO indicated that they were required to supply only the statements that were attached to the amended factual return. The court again disagreed:

> Under respondents' reading, section I.E.1(2) requires only that they produce petitioner's statements in the form already included in the factual return. This interpretation is incorrect. First, the phrase "in whatever form" in section I.E.1(2) plainly modifies "all statements." The sentence would have to be rewritten to support respondents' reading, to wit: "all statements made or adopted by petitioner in whatever form that the government relies upon to justify detention." Second, respondents' interpretation would obviate section I.E.1(2) because under their reading section I.E.1(2) would be satisfied by production of the factual return itself, with its attached statements. But production of the factual return is a separate requirement in these habeas cases. See July 11, 2008 Scheduling Order at 3-4. Hence, the Court has not misconstrued its own Case Management Order and to the extent respondents claim otherwise, their motion for reconsideration is DENIED.

Id. at 14. Similarly, Al-Ghizzawi v. Obama, 600 F. Supp. 2d 5 (D.D.C. 2009) rejected the "respondents' cramped interpretation of Section I.E.1(2)" of the CMO, and ordered the respondents to produce all versions of the petitioner's statements found in the files kept by the Joint Intelligence Group (JIG) and the Office

-4-

of Administrative Review of the Detention of Enemy Combatants (OARDEC).  See id. at 7; see also Al Odah v. United States, Civil Action No. 02-828 (CKK), 2009 WL 382098, at *1 (D.D.C. February 12, 2009) (ordering respondents to provide to the petitioner "all statements, in whatever form (including audio or video), whether cumulative or not, that have not previously been disclosed, made by Petitioner . . . relating to the statements attributed to them in the Factual Returns"); Anam v. Obama, Civil Action No. 04-1194 (TFH), 2009 WL 1322637, at *1 (D.D.C. May 11, 2009) (requiring respondents to disclose "all forms of the statements made or adopted by the petitioner," including any audio or video recordings, transcripts, translations, and contemporaneous notes or records); Ghanem v. Obama, 598 F. Supp. 2d 41, 44-45 (D.D.C. 2009) (ordering respondents to produce all reasonably available forms of the statements on which the government relies).

Respondents' arguments here are no more justified than they were in the cases rejecting them cited above.  The respondents' interpretation of the CMO will be rejected, and they will be ordered to comply with Abdullah's request in full by searching the files of the JIG and OARDEC.  Accordingly, it is hereby

ORDERED that the petitioner's motion [195] to compel compliance with section I.E.1 of the CMO be, and hereby is,

GRANTED. The respondents are DIRECTED to provide the items sought in his motion by November 2, 2009.

SIGNED this 28th day of September, 2009.

                                        /s/
                              RICHARD W. ROBERTS
                              United States District Judge