IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HANI SALEH RASHID ABDULLAH,<br><br>Petitioner<br><br>v.<br><br>DONALD TRUMP[1], *et al.*,<br><br>Respondents. | Civ. Action No. 05-0023 (EGS) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions filed by Petitioner ("Mr. Abdullah"): (1) Motion to Vacate Order on Motion for Extension of Time ("Motion to Vacate"), *see* ECF No. 427; and (2) Motion For an Order Permanently Sealing This Court's Redacted December 31, 2024 Opinion or, in the Alternative, for an Order Sealing it Pending Ruling by the Court of Appeals ("Motion to Seal"), *see* ECF No. 432.[2] Upon careful consideration of Mr. Abdullah's motions, the oppositions from Respondents ("government"), Mr. Abdullah's Reply, and the entire record, the Motion to Vacate is **DENIED**; and the Motion to Seal is **DENIED IN PART** as to his argument that the Memorandum Opinion

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current President, Donald Trump, is substituted as Respondent for former Presidents. *See* Fed. R. Civ. P. 25(d).
[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document.

1

constitutes an impermissible advisory opinion, and **DENIED WITHOUT PREJUDICE IN PART** as to his argument regarding his privacy concerns.

## I. Background

On December 31, 2024, this Court denied two motions filed by Mr. Abdullah seeking his immediate release from Guantanamo Bay. *See* Order, ECF No. 419 (denying Pet'r's Mot. for Immediate Release and, in the Alternative For Interim Relief Pending Release, ECF No. 381, & Pet'r's Mot. for Release on the Ground that the End of the Combat in Which He Was Allegedly Involved Has Terminated Any Authority to Detain Him, ECF NO. 382-2); Sealed Mem. Op., ECF No. 420. The Court posted the Order accompanying the Memorandum Opinion on the public docket but posted the Memorandum Opinion under seal and directed the parties to post a public version on the public docket within fourteen days. *See* Order, ECF No. 419.

On January 6, 2025, Mr. Abdullah appealed the Court's denial of his two motions to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). *See* Notice of Appeal, ECF No. 421; *see also* Am. Notice of Appeal, ECF No. 426. On January 7, 2025, the government filed a notice that it had transferred Mr. Abdullah to Oman. *See* Notice, ECF No. 423. The same day, this Court entered an order denying Mr. Abdullah's Motion for Order Granting Writ of Habeas Corpus, ECF

2

No. 332, as moot and directing the Clerk of the Court to close the case. *See* Minute Order (Jan. 7, 2025). Mr. Abdullah's counsel then filed a motion to dismiss his appeal as moot in the D.C. Circuit and to vacate this Court's December 31, 2024 Order. *See* Mot. to Dismiss Appeal as Moot & to Vacate Order Appealed From, Doc. No. 2095548 in Case #25-5002 (D.C. Cir.). The government agreed that the appeal was moot but opposed Mr. Abdullah's motion for vacatur. *See* Resp. to Pet'r's Mot. for Vacatur, Doc. No. 2097617 in Case #25-5002 (D.C. Cir.). The D.C. Circuit has not yet ruled on Mr. Abdullah's motion.

    Meanwhile, the government sought a two-week extension of the deadline to file the redacted version of the Memorandum Opinion, *see* Unopposed Mot. for Extension of Time, ECF No. 424; which the Court granted, *see* Minute Order (Jan. 9, 2025). Even though he initially did not oppose the extension request, *see* Mot. to Vacate, ECF No. 427 at 2 ("On January 9, 2025, Respondents sought an extension of time to file a redacted copy of the . . . [Memorandum] [O]pinion. [Mr.] Abdullah consented to an extension of time . . . ."), Mr. Abdullah now seeks to vacate this Court's order granting the motion for extension. *See* Mot. to Vacate, ECF No. 427. The government opposes Mr. Abdullah's Motion to Vacate. *See* Opp'n to Mot. to Vacate Order on Mot. for Extension of Time ("Opp'n to Mot. to Vacate"), ECF No. 429. Mr. Abdullah did not file a Reply.

3

On January 28, 2025, the government filed the redacted public version of the Memorandum Opinion. *See* Notice of Filing of Public Version, ECF No. 430. Two days later, Mr. Abdullah filed his Motion to Seal in which he asks the Court to permanently seal the Memorandum Opinion, or alternatively, to seal it pending the D.C. Circuit's resolution of his motion to vacate the Order. *See* Mot. to Seal, ECF No. 432. The government opposes Mr. Abdullah's Motion to Seal. *See* Opp'n to Mot. to Seal, ECF No. 433. Mr. Abdullah filed a Reply for this Motion. *See* Reply, ECF No. 435.

## II. Analysis

It is well established that courts have the authority to manage their dockets, which includes sealing and unsealing judicial records and adjusting deadlines. *See e.g.*, *In re Fannie Mae Securities Litigation*, 552 F.3d 814, 822 (D.C. Cir. 2009) ("District judges must have authority to manage their dockets . . . and we owe deference to their decisions whether and how to enforce the deadlines they impose."); *In re Application of Leopold to Unseal Certain Electronic Surveillance Applications & Orders*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). Mr. Abdullah spends much of his time in both motions discussing the general and undisputed fact that Article III courts have limited jurisdiction and can only adjudicate cases or controversies, but

4

he has failed to show how the Court's management of its docket in the situation here transgresses those bounds.

In his Motion to Vacate, Mr. Abdullah argues that "the Court lacked jurisdiction to grant the motion to extend," after it closed his case, but he has no authority applicable in this context. He cites to no cases in which a court lacked jurisdiction to adjust a deadline after finding a case moot, and instead asserts that this case is "analogous" to a case in which the D.C. Circuit held that a court lacked authority to oversee the implementation of a settlement agreement after it had dismissed the case. *See* Mot. to Vacate, ECF No. 427 at 3 (citing *T Street Development, LLC v. Dereje & Dereje*, 586 F.3d 6, 11 (D.C. Cir. 2009)); *see also T Street Development*, 586 F.3d at 11 ("The inescapable lesson of these cases is this: where . . . a party seeks to enforce a settlement agreement after the district court has dismissed the case, the district court lacks jurisdiction over the agreement unless the court either incorporated the agreement's terms into the dismissal order or expressly retained jurisdiction over the agreement."). But extending a deadline is clearly distinct from overseeing the implementation of a settlement agreement.

In response, the government points to cases in which courts have continued to manage their dockets even after a Guantanamo habeas petitioner was transferred out of U.S. custody. *See e.g.,*

5

*Dhiab v. Trump*, 852 F.3d 1087, 1090 (D.C. Cir. 2017)). Mr. Abdullah failed to file a Reply and so did not respond to the government's argument. Mr. Abdullah's initial "consent" or non-opposition to the government's motion for extension, which he gave *after* the Court dismissed the case, and his failure to address the strong authority contrary to his position provide ample reasons to deny his motion. It is also notable, however, that if the Court were to take Mr. Abdullah's argument that the Court lost jurisdiction to manage its docket after it closed his case to its logical conclusion, it would be similarly unable to consider his request to seal the Memorandum Opinion, which he filed weeks after the Court closed his case. For these reasons, the Motion to Vacate, ECF No. 427 is **DENIED**.

Mr. Abdullah's Motion to Seal fares no better. Mr. Abdullah's two main arguments for the Court to seal its Memorandum Opinion are that public release after the Memorandum Opinion became unreviewable as moot would: (1) be an impermissible advisory opinion under Article III of the United States Constitution; and (2) "shred what remains" of Mr. Abdullah's privacy interests. *See* Mot. to Seal, ECF No. 432 at 2-3. Even though the government opposes vacatur of the Memorandum Opinion, it points out that other judges on this Court have determined that "vacatur of an interlocutory decision on a basis (such as mootness) unrelated to the decision's

6

reasoning does not mean that the decision simply evaporates from the docket or from public view." *See* Opp'n to Mot. to seal, ECF No. 433 at 3-5 (citing *Rabbani v. Obama*, 76 F. Supp. 3d 21, 2[4] n.3 (D.D.C. 2014)). It also argues that even though "Respondents wish Petitioner the best with respect to his resettlement to Oman," allegations against him have been on the public docket in this case since 2009 and Mr. Abdullah has not addressed how public release of the redacted Memorandum Opinion impacts his privacy interests given these prior disclosures. *See id.*

Again, Mr. Abdullah confuses the clearly established Article III limits that relate to whether this Court's Order should be vacated in the D.C. Circuit with this Court's authority to seal and unseal documents on its docket. *Cf Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 354 (D.C. Cir. 1997) ("Moreover, since the district court's opinion will remain "on the books" even if vacated, albeit without any preclusive effect, future courts will be able to consult its reasoning."). Mr. Abdullah cites to no authority where courts have held that they lack authority to seal or unseal documents on their docket based on mootness or vacatur, which is the question here; not when an order should be vacated as unreviewable on appeal.

In addition to D.C. Circuit caselaw invoking the persuasive effect that vacated opinions or orders may serve, *see Nat'l*

7

*Black Police Ass'n*, 108 F.3d at 354; the Court views the Guantanamo case that the government cites, *Rabbani*, as highly persuasive. *See* Opp'n to Mot. to Seal, ECF No. 433 at 3-4. In *Rabbani*, another judge on this Court considered a situation in which the habeas petitioner before the Court, Mr. Rabbani, raised issues that were similar to those raised by another habeas petitioner, Mr. Dhiab, who sought a preliminary injunction shortly before being released from U.S. custody, mooting Mr. Dhiab's case. *Rabbani*, 76 F. Supp. 3d at 24 n.3. The Court explained that "even if [Mr. Dhiab's'] release subjects [the] Memorandum Opinion [in his case] to vacatur, the persuasiveness of [that opinion's] factual findings and legal reasoning remains intact." *Id.*

Instead of refuting these cases in his Reply, Mr. Abdullah raises another line of arguments. *See* Reply to Mot. to Seal, ECF No. 435. He asserts that allowing the Memorandum Opinion to be publicly available may cause confusion, as "[a] publicly available opinion would ordinarily be understood to represent what the law is" and that the Court "should not abet a publication which has no legitimate residual function offsetting its inevitable capacity to mislead." *See id.* at 2-3.

This argument fails. First, it is not at all true that a "publicly available opinion" is necessarily understood to "represent what the law is." It is common knowledge that our

8

judicial system contains levels of review and that a district court opinion is not necessarily the final disposition of a dispute. Even more so here, the docket in this case is clear that Mr. Abdullah appealed the Order to the D.C. Circuit. Second, in addition to the fact that it would be clear from the docket if the Order is vacated, Mr. Abdullah's concern that the Memorandum Opinion would be erroneously relied upon is overblown as it has no binding authority on any other court. The most it could do is serve as one Court's interpretation of the law, not tested on appeal, that other courts could consider as they reach their own determination of any of the legal issues addressed therein. At bottom, Mr. Abdullah lacks authority for his position that the public availability of an opinion, even if vacated, is itself an affront to Article III, and he fails to address authority contrary to his position. This argument in his Motion to Seal fails.

   The Court is sympathetic to Mr. Abdullah's privacy concerns, especially as he now seeks to rebuild his life following his decades of detention at Guantanamo. However, the government is correct that much of the details about Mr. Abdullah and his detention have been publicly available on the docket in this case for years. Moreover, most of the Court's Memorandum Opinion focused on Mr. Abdullah's legal arguments; it rejected his requests for release or interim relief based

9

primarily on the merits of those legal arguments, not, for example, on a determination of his possible risk if released.[3] The Court expressly did not make a determination that Mr. Abdullah's detention was warranted. *Contra*, Reply, ECF No. 435 at 3 ("this Court's opinion, which alone constitutes a judicial finding of the facts leading up to [Mr.] Abdullah's detention.").

Even though the Court takes seriously Mr. Abdullah's privacy concerns, he has not identified the specific factual information in the Memorandum Opinion that raises such concerns. Nor has he attempted to justify sealing any or all of the Memorandum Opinion based on binding D.C. Circuit precedent that must be considered when weighing privacy interests against public interest in access to information. *See, e.g.*, *In re Leopold*, 964 F.3d at 1127 (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)) (discussing how "there is a 'strong presumption in favor of public access to judicial

---

[3] On the contrary, the Court lamented how Mr. Abdullah's counsel had not shown a legal basis for the Court to be able to consider the Periodic Review Board's determination that Mr. Abdullah posed a limited amount of risk to U.S. security such that it recommended he be transferred. Additionally, the Court's rejection of Mr. Abdullah's argument that the armed conflict or hostilities in which he was alleged to have engaged had ended was based on his counsel's interpretation of the law and import of the U.S. withdrawal from Afghanistan, not, for example, an assessment of Mr. Abdullah's specific alleged involvement with any of the entities against which the United States has engaged in hostilities, as has been at issue in other cases.

10

proceedings,' including judicial records"); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For these reasons, Mr. Abdullah's Motion to Seal based on his privacy interests is also denied. Mr. Abdullah has not shown that additional redactions are necessary to address his privacy concerns. The Court will deny this portion of the motion without prejudice to allow Mr. Abdullah to move to redact factual information due to privacy concerns. If he chooses to renew his motion, it may be for that limited purpose only.

### III. Conclusion and Order

For the reasons stated above, it is hereby

**ORDERED** that Mr. Abdullah's Motion to Vacate, ECF No 427 is **DENIED**; it is further

**ORDERED** that Mr. Abdullah's Motion to Seal, ECF No. 432 is **DENIED IN PART** as to his argument that the Memorandum Opinion constitutes an impermissible advisory opinion, and **DENIED WITHOUT PREJUDICE IN PART** as to his argument regarding his privacy concerns.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            March 4, 2025**