IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HANI SALEH RASHID ABDULLAH,<br><br>Petitioner<br><br>v.<br><br>DONALD TRUMP[1], *et al.*,<br><br>Respondents. | Civ. Action No. 05-0023 (EGS) |

## MEMORANDUM OPINION AND ORDER

After being detained for more than twenty-two years at U.S. Naval Base Guantanamo ("Guantanamo"), Hani Saleh Rashid Abdullah ("Mr. Abdullah"), a Yemeni national, was transferred from U.S. custody to the government of the Sultanate of Oman ("Oman") on January 7, 2025. *See* Gov't Notice, ECF No. 423.[2] Shortly before Mr. Abdullah's transfer, on December 31, 2024, the Court issued a Memorandum Opinion ("Opinion") and an Order denying his motions for immediate release. *See* Sealed Mem. Op., ECF No. 420; Order, ECF No. 419.

Mr. Abdullah previously sought to vacate the Court's Opinion in the United States District Court for the District of

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current President, Donald Trump, is substituted as Respondent for former Presidents. *See* Fed. R. Civ. P. 25(d).
[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document.

1

Columbia ("D.C. Circuit"); to permanently seal the Opinion; and to vacate the Court's procedural ruling granting the government a brief extension to file the publicly available redacted version of the Opinion. After failing to obtain favorable rulings on these motions, Mr. Abdullah now seeks to vacate the Opinion in this Court. *See* Pet'r's Mot. for an Order Vacating this Court's December 31, 2024 Opinion ("Mot."), ECF No. 437. The government opposes Mr. Abdullah's Motion. *See* Resp't's Opp'n to Pet'r's Mot. to Vacate Order & Opinion ("Opp'n"), ECF No. 439. Mr. Abdullah did not file a Reply. *See generally* Docket in Case No. 05-cv-23.

Upon careful consideration of the Motion, Opposition, and the entire record, the Motion is **DENIED**.

### I.  Background

The Court has previously recounted the facts underlying Mr. Abdullah's two decades of detention at Guantanamo and his recent transfer to Oman. *See* Mem. Op., ECF No. 420; Mem. Op. & Order, ECF No. 436. It will briefly repeat the relevant procedural history for purposes of resolving this Motion.

Mr. Abdullah was detained at Guantanamo from October 2002 until January 2025. *See* Mem. Op., ECF No. 420 at 1; Gov't Notice, ECF No. 423. Whether his detention was lawful in the first instance was not adjudicated prior to his transfer; but the government's Periodic Review Board ("PRB") determined, on

October 29, 2020, that "continued law of war detention [of Mr. Abdullah] is no longer necessary to protect against a continuing significant threat to the security of the United States." Mem. Op., ECF No. 420 at 6 (quoting Ex. 1, ECF No. 367-1). The government notified the Court on May 26, 2023 that it intended to transfer Mr. Abdullah from Guantanamo. *See id.* at 7 (citing Resp. to Minute Order, ECF No. 366). When several months passed without the transfer taking place, Mr. Abdullah, on December 21, 2023, filed his first motion seeking immediate release based on the PRB's determination. *See* Pet'r's Mot. for Immediate Release and, in the Alternative For Interim Relief Pending Release, ECF No. 381. On the same day, Mr. Abdullah filed his second motion for immediate release, which was based on the U.S. withdrawal from Afghanistan. *See* Pet'r's Mot. for Release on the Ground that the End of the Combat in Which He Was Allegedly Involved Has Terminated Any Authority to Detain Him, ECF NO. 382-2. In the following months, and consistent with the Court's May 2023 Order, the government continued to file regular status reports confirming that it still planned to transfer Mr. Abdullah, but that the transfer was delayed. *See* Mem. Op., ECF No. 420 at 8-9 (discussing status reports).

As noted, the Court issued its Opinion denying Mr. Abdullah's Motions for Immediate Release on December 31, 2024. *See* Mem. Op., ECF No. 420. The Court largely based its rulings

3

on Mr. Abdullah's legal arguments and precedent, not facts specific to Mr. Abdullah or his detention. The Court issued its Order on the public docket, *see* Order, ECF No. 419; but issued the Opinion under seal because of the potentially sensitive information therein, *see* Mem. Op., ECF No. 420. As routinely occurs, the Court included in its Order the requirement for the parties to "post a public version of the Memorandum Opinion on the docket for this case within 14 days of the date of this Order", which was December 31, 2024. Order, ECF No. 419. The government sought and the Court granted a two-week extension for the government to file the public version of the Opinion, which occurred on January 30, 2025. *See* Notice of Filing of Public Version, ECF No. 430.

On January 6, 2025, Mr. Abdullah appealed the Court's denial of his two motions to the D.C. Circuit. *See* Notice of Appeal, ECF No. 421; *see also* Am. Notice of Appeal, ECF No. 426. On January 7, 2025, the government filed a notice that it had transferred Mr. Abdullah to Oman. *See* Notice, ECF No. 423. The same day, this Court entered an order denying Mr. Abdullah's Motion for Order Granting Writ of Habeas Corpus, ECF No. 332, as moot and directing the Clerk of the Court to close the case. *See* Minute Order (Jan. 7, 2025). Mr. Abdullah's counsel then filed a motion to dismiss his appeal as moot in the D.C. Circuit and to vacate the Court's December 31, 2024 Order. *See* Mot. to Dismiss

4

Appeal as Moot & to Vacate Order Appealed From, Doc. No. 2095548 in Case #25-5002 (D.C. Cir.). The government agreed that the appeal was moot but opposed Mr. Abdullah's motion for vacatur. *See* Resp. to Pet'r's Mot. for Vacatur, Doc. No. 2097617 in Case #25-5002 (D.C. Cir.). On March 24, 2025, the D.C. Circuit dismissed Mr. Abdullah's appeal and denied his vacatur request:

> **ORDERED** that this appeal be dismissed. Appellant's habeas case has been mooted by his transfer to the custody of a foreign sovereign. *See Gul v. Obama*, 652 F.3d 12, 14 (D.C. Cir. 2011). It is
>
> **FURTHER ORDERED** that appellant's request for vacatur be denied, without prejudice to appellant's ability to seek such relief from the district court in the first instance. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). Appellant does not dispute that this court lacked appellate jurisdiction at the time the case became moot. *See Scenic Am., Inc. v. U.S. Dep't of Transp.*, 836 F.3d 42, 53 n.4 (D.C. Cir. 2016) ("Although a party cannot forfeit a claim that we lack jurisdiction, it can forfeit a claim that we possess jurisdiction."); *Columbian Rope Co. v. West*, 142 F.3d 1313, 1317 (D.C. Cir. 1998) (referring to vacatur of a district court decision "[w]hen a case has become moot during the pendency of appeal").

Order, Doc. #2107402 in Case No. 25-5002 (D.C. Cir.). Mr. Abdullah then filed the pending Motion in this Court.

## II. Analysis

In a two-page, four-paragraph Motion, Mr. Abdullah argues that the Court should "vacate its December 31[,] 2024 opinion", based on the arguments he advanced in two pages of his prior

5

Case 1:05-cv-00023-EGS   Document 442   Filed 07/06/25   Page 6 of 8

Motion to Seal. Mot., ECF No. 437 at 1-2. Mr. Abdullah fails, however, to reconcile his current request for vacatur with his prior position that this Court lacked jurisdiction to vacate its Opinion. *See* Mot. to Vacate Extension, ECF No. 427 at 3.

Moreover, the government raised two arguments in response to Mr. Abdullah's Motion, specifically that: (1) the Court's Opinion was interlocutory and non-appealable; and (2) regardless of whether vacatur is available, it is not warranted as a matter of equity, *see* Opp'n, ECF No. 439; both of which Mr. Abdullah failed to respond to by neglecting to file a Reply. Mr. Abdullah has therefore conceded these arguments. *See e.g.*, *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003).

Mr. Abdullah's sparse Motion and failure to file a Reply is fatal to his request. First, Mr. Abdullah made no attempt to tailor his argument to his current request for relief. This is notable for the procedural reasons the Court discussed above, and because Mr. Abdullah was aware of the Court's prior rulings and analysis on his arguments set forth in his Motion to Seal. The Court laid out its reasoning for denying Mr. Abdullah's motion to seal in its March 4, 2025 Memorandum Opinion and Order. *See* Mem. Op. & Order, ECF No. 436. Mr. Abdullah simply states in his Motion that this Court is aware of his "position regarding the application of *Munsingwear* to this record," Mot.,

6

ECF No. 437 at 2; but fails to address the Court's rejection of the same arguments that he invokes here.

Second, Mr. Abdullah fails to address why his request for vacatur is properly before this Court. Specifically, Mr. Abdullah made no attempt to explain why vacatur of what the government argues is an interlocutory, non-appealable order is available or warranted here. The government argues that Supreme Court and D.C. Circuit precedent "imply [that] vacatur of this sort operates on an appealable final judgment or order" and that the Opinion at issue here is "an unappealable interlocutory order." Opp'n, ECF No. 439 at 3-4 (citations omitted). But Mr. Abdullah fails to address why or whether vacatur is available.[3]

Third, to the extent Mr. Abdullah requests the Court consider his privacy interests, such a concern is unpersuasive at this juncture.[4] The Court gave Mr. Abdullah the opportunity to seek redactions of sensitive information that implicate his privacy concerns when it denied his Motion to Seal. *See* Mem. Op. & Order, ECF No. 436 at 10. It stated how in his request to

---

[3] Perhaps Mr. Abdullah expects the Court to go through all of his filings before the D.C. Circuit to find his response to the government's opposition there; *see* Pet'r's Reply, Doc. #2098758 in Case NO. 25-5002 (D.C. Cir); but he has not made any effort to address this point before this Court.
[4] Whether Mr. Abdullah even intends to make such an argument again is unclear because, as noted, the entirety of his request to vacate is in four paragraphs that vaguely incorporate his Motion to Seal. *See* Mot., ECF No. 437.

seal, Mr. Abdullah "ha[d] not identified the specific factual information . . . that raises such concerns[,]" but nevertheless denied that portion of Mr. Abdullah's motion without prejudice so that he could "move to redact factual information due to his privacy concerns." *Id.* at 10–11. Yet in the nearly four months since the Court gave Mr. Abdullah that opportunity, he has not sought to redact any information.

For all these reasons, the Court need not reach the questions of whether its Opinion and Order were final and appealable; whether if they are not, they can nonetheless be subject to vacatur; and whether vacatur should indeed occur based on equitable considerations. Mr. Abdullah fails to address any of these foundational questions in his Motion and fails to respond to any of the government's arguments on these points. His Motion is therefore **DENIED**.

### III. Conclusion and Order

For the reasons stated above, it is hereby

**ORDERED** that Mr. Abdullah's Motion to Vacate, ECF No 437, is **DENIED**.

SO ORDERED.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**July 6, 2025**

8